## Jones for Parker *versus* Martins.

. Where suit on a negotiable note, transferred after maturity, is brought in the name of the payee for the use of the holder, claiming under an indorsement in blank, and a transfer with guaranty, and no objection to the form of action is made till after the note would be barred by the statute of limitations, the suit will be sustained as brought.

ERROR to the Common Pleas of *Dauphin county.*

This was an action of debt brought by Andrew J. Jones, for the use of Gilbert S. Parker, against Stephen Miller, James Martin and Perry Martin, trading under the firm of Miller & Martins, co-promissors in a joint and several promissory note with Atkinson Martin. The plaintiff gave in evidence the following note with its endorsements, viz:

"HARRISBURG, Feb'y 23, 1842.

"$500 00. Thirty days after date, we or either of us promise to pay A. J. Jones, or order, five hundred dollars, for value received, without defalcation.

"ATKINSON MARTIN,
[ENDORSED] "MILLER & MARTINS."

"Harrisburg, July 22d, 1843. I hereby assign and transfer all my right, title and interest in the within note to Gibert S. Parker, and guaranty the payment of the same.

"A. J. JONES."

The suit was brought to August T. 1843. In September, 1843, there was an award in favor of plaintiff. Defendants appealed. In February, 1847, verdict for plaintiff. Judgment nisi; writ of error and judgment reversed. April 29th, 1850, trial ordered.

On the trial the counsel of defendant contended that the suit should have been brought in the name of Parker, not in the name of Jones for the use of Parker.

PEARSON, J., charged:

This suit is founded on a promissory note drawn by Atkinson Martin and Miller & Martins, payable to A. J. Jones or order, thirty days after date, for five hundred dollars, and dated February 23, 1842. The plaintiff proved the hand writing of the obligors to the note, and also the endorsement of A. J. Jones to Gilbert S. Parker, dated July 22, 1843, as also the endorsement in blank by A. J. Jones thereon at the same time.

The defendants insist that the plaintiff cannot recover. That the suit is not in the name of the proper legal party. We are of opinion and so instruct you that the objection is fatal. There can be but one *legal* party to a suit of this kind. The plaintiff has proved the transfer of the note to Gilbert S. Parker, which gave

him the *legal* interest therein; suit should have been brought in his name; he was the *legal* holder at the time this suit was brought. No action can be sustained in the name of Jones where the indorsement and assignment over are proved. It has been objected that this assignment is not of the character of an indorsement. We are of opinion it has all the legal forms of an indorsement to carry the right to the note, and enable Parker to sue in his own name, and is quite as efficacious to pass the legal title as an indorsement in blank; besides if required there is an indorsement in blank; but if that stood alone it might be struck out, and the action sustained if the plaintiff thought proper to pursue such a course, which he has not proposed; but on the contrary has proved the indorsement as part of his case. It is also argued that being indorsed after due will not pass the legal title. The only difference between a transfer before and after due is in the right of equitable defence. If a note is originally negotiable, and is regularly assigned after due, the assignee can sue in his own name, and if so he is the proper legal party to the action. The plaintiff cannot recover.

To this charge the plaintiff excepted.

The case was argued by *Kunkel* for plaintiff in error.—He contended that the suit was rightly brought. He cited 15 *Wend.* 640; 11 *Wend.* 27; 7 *Cow.* 174; 4 *Wheat.* 491; 10 *Johns.* 400; 11 *do.* 488.

The objection to the form of the suit is a mere technicality, and the party beneficially interested is on the record, 7 *Barr* 527, Leibley *vs.* Voison & Co.

*McCormick*, contra.—The declaration avers that Jones has assigned all his interest in the note to Parker. There can be but *one legal* party. This is not a general indorsement but a special one. The New York cases were on notes payable *to bearer*. The holder of a bill is the legal party. He cited 1 *Ch. Pl.* 3; 13 *John.* 496; 1 *Wheat.* 85; 2 *W. & S.* 438; 16 *Mass.* 451; 9 *Conn.* 94; 7 *J. J. Marshall* 350; 3 *U. S. Dig.* 295, 296; 1 *McLean* 427; 1 *Harrison* 273; 2 *do.* 491.

That the note was negotiated after maturity can make no difference in respect to the person in whose name the suit is to be brought, 2 *Watts* 134, Rankin *vs.* Woodworth.

*Kunkel*—No distinction exists between a note payable to bearer and one assigned specially.

The opinion of the court was delivered by

COULTER, J.—The assignee of a simple contract debt cannot bring an action on it in his own name, but the universal custom is

to bring the suit in the name of the legal plaintiff for the use of the assignee, who is usually denominated the equitable plaintiff. For all questions of substance and justice he is the real plaintiff. He is responsible for costs, and the court would interfere at once to prevent the nominal plaintiff from discontinuing the action or releasing it. The objection in this case is that the suit ought to have been brought in the name of the assignee, whereas it is instituted in the name of the payee of the note for the use of the assignee. It may be considered as settled that the indorsee of a negotiable note cannot bring an action in the name of the payee. Because in that case the interest of the payee in the note is entirely gone, and the whole note is absolutely in the indorsee. And on that foundation the defendant below builds his objections to the recovery of the plaintiff. This note however when assigned was over due, and it was not passed by indorsement in the commercial signification of the word, but was specially transferred and assigned to Parker with a guaranty. It is not therefore within the rule of the commercial law, because it is subject in Parker's hands to any equitable defence which the defendant would have had against it in the hands of Jones. This case is different from those cited by the defendant in error, because the name of the real plaintiff, Parker, is on the record. And if necessary the name of Jones might be regarded as surplusage. The addition of administrator may be treated as surplusage to the plaintiff's name when he is entitled to sue in his own right, Welmurth *vs.* Mountforth, 8 *S.* & *R.* 124; Geddis *vs.* Irwin, 5 *Barr* 508. The title of an equitable plaintiff need not be traced from the legal plaintiff by averment, or be otherwise indicated than by marking the suit to his use, Armstrong *vs.* Lancaster, 5 *Watts* 68. The objection then is a naked technicality. If Jones may yet be considered the legal plaintiff the action is well brought; if he cannot be so considered, then the name of the legal plaintiff, Parker, is on the record, set out as the person equitably entitled to the action, and the suit may be sustained; because in that category the name of Jones would be an excrescence, and as mere surplusage might be stricken out. This suit was tried once before in the court below, and a verdict in favor of plaintiff, and brought into this court by writ of error. Then this objection was not raised either in the court below nor here, but the judgment was reversed on other grounds; and now after a second trial the defendant brings it here on a second writ of error, and assigns for error that the use of the name of payee Jones is fatal. The statute of limitations has now run, and if we should reverse on this ground the plaintiff Parker would be cut out of an honest demand established by two verdicts. This would be monstrous. Under such circumstances I would call in the aid of the first section of the act of assembly of 16th January, 1836, which authorizes this court to

reverse, *modify* or affirm such judgments and proceedings as there directs, and strike out the name of Jones so as to modify the word in conformity with the law.    But we think it can stand as it is.

Judgment reversed and *venire de novo* awarded.