## Thomas C. Manley v. Montgomery Bus Company, Inc., North British and Mercantile Insurance Company Ltd., Appellant.

*Insurance—Automobile insurance—Subrogation—Rights of insurer to participate in amount recovered by insured—Waiver of rights by insured.*

An insurance company which under its contract is entitled to be subrogated to the rights of the insured in the event of payment on its policy, is entitled to participate in any verdict recovered by the insured in an action growing out of the collision. In such case, if the insured has voluntarily waived the claim for damages to the automobile covered by the insurance, the insurer can be reimbursed from the amount recovered for personal injuries.

On the equitable principles applicable in such cases, the insured cannot object to the enforcement of the rights of the insurer, even though the evidence on which he recovered his judgment against the tort-feasor related to his personal injuries. The insured in bringing action does so on behalf of the insurer as well as himself, and he cannot cut out the rights of the insurer by agreement to waive damages for the car which the insurance covered.

Argued October 8, 1923. Appeal, No. 163, Oct. T., 1923, by North British and Mercantile Insurance Company, Ltd., from decree of C. P. Phila. Co., March T., 1922, No. 2217, dismissing petition for subrogation to part of verdict rendered in favor of plaintiff in case of Thomas C. Manley v. Montgomery Bus Company, Inc. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition for order of subrogation. Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition.    Petitioner appealed.

*Error assigned* was the decree of the court.

*Sidney E. Smith,* for appellant. — The appellant's rights to subrogation cannot be prejudiced by the insured withdrawing his claim which he was bound to press: Smith v. Insurance Company, 17 Pa. 253 (1851); Neff's App., 9 W. & S. 36; Kennebec Ice and Coal Company v. Wilmington & Northern R. R. Company, 13 W. N. C. 162; Gale v. Hailman, 11 Pa. 515; Roos v. Railroad Company, 199 Pa. 379; Fox v. Litwiler, 12 D. R. 337; Templeton v. Shakly, 107 Pa. 370; Molaka v. American Fire Insurance Company, 29 Superior Ct. 149; Mosier's App., 56 Pa. 78.

*William Charles Brown,* for appellee.

OPINION BY HENDERSON, J., February 29, 1924:

The appellant issued a policy of insurance to Thomas C. Manley which contained an undertaking to indemnify the insured against loss arising from any collision in which an automobile owned by the insured might thereafter be injured.    It was stipulated in the policy that on the payment of any loss thereunder the insured should assign to the petitioner company all claims and demands against any person or persons arising from the loss. Afterwards while driving his automobile, Manley came into collision with a vehicle belonging to the Montgomery Bus Company, as a result of which the automobile was damaged to the amount of $725 as claimed by the owner. Proof of this loss was made to the Company which thereupon paid to the insured the amount above stated and took from him a receipt and subrogation agreement in

accordance with the provisions of the policy. Some time thereafter Manley brought an action against the Bus Company in which he claimed damage for injuries to his person and to the automobile. Before the case came to trial he entered into an agreement with the defendant company for a discontinuance or abandonment of so much of his claim as related to the automobile; which agreement was filed of record and the pleadings were amended by omitting the claim for damage to the automobile. This was done without the knowledge of the insurer. At the trial a verdict was rendered in favor of Manley against the Bus Company for the sum of $2,200. The insurer then filed a petition praying for an order of subrogation to the rights of Manley in the judgment obtained against the Bus Company to the extent of the sum paid by the insurer to the plaintiff. On a rule to show cause the defendant in the judgment asked leave to pay the money into court; Manley did not file an answer. The court refused the petition for subrogation and from that order we have the pending appeal. The facts are not in controversy. It clearly appears that when Manley received from the insurer the amount of his loss by the injury to the automobile, he assigned to the insuring company "each and all claims and demands against any person, persons or property, arising from or connected with such loss or damage, and the said company is subrogated in the place of and to the claims and demands of the undersigned against said person, persons, or property in the premises to the extent of the amount above named." It will thus be seen that the equitable right of subrogation arising from the payment by the insurer became a right at law which might be asserted in a court of law. The insurer in such case is no longer required to establish the equity out of which subrogation might arise, but is put in the place of the party injured to the extent of the indemnity paid by the former. A contract of insurance is a contract of indemnity and from its nature, the insurer, after paying to the insured the amount

of a loss on a policy, is entitled to be subrogated in a like amount to the insured's right of action against the wrongdoer. When therefore Manley planted his action against the Bus Company, he proceeded not only for himself, but for the insurance company whose money he had received for part of his loss. The action was single —the measure of damage was to be estimated according to the whole of the plaintiff's injury. That injury arose from the collision and it was the duty of the plaintiff to prosecute the case as well for the insurance company as for himself. He had notice of the relation of the insurer to the case through his subrogation assignment. It was not his right therefore to barter away or to give away the demand of the insurance company through him on the Bus Company. Two actions could not be brought on the claim set up by Manley against the defendant. When he released the Bus Company from liability for damage to the automobile and proceeded to final judgment for the balance of the claim, he put it out of the power of the insurance company to assert its right in an action. He is not in a situation therefore to complain when the insurer insists on having the subrogation assignment made effective by payment to the company of the amount which he agreed that company should be entitled to out of any action which he might successfully prosecute against the party primarily liable for the loss. His conduct with respect to the transaction is not explained, and on the equitable principles applicable to such a case he has no standing to object to the enforcement of the right of the petitioning insurer even though the evidence on which he recovered the judgment against the Bus Company related to his personal injury. He ought not to be heard to assert his own wrong against the insurer in aid of his relief in the present proceeding. It will be noticed that the covenant of the insurance policy and the subrogation receipt (Exhibit A) do not refer to the assignment of a whole or a part of any judgment recovered, but to the claims and demands of the person insured. It is this

right of action of which Manley undertook to deprive the insurer by abandoning a part of his claim while he was bound by the equities of the situation and by his own express contract to assert any right which he originally had, not only in favor of himself but at the same time in favor of the insurer for whom he stood with respect to a part of his claim, in the relation of a trustee. The judgment having been obtained in an action in which the whole of the plaintiff's right was asserted, a part of which belonged to the petitioner here, we are of the opinion that the latter is entitled to be made whole to the extent of the indemnity paid.

The order is therefore reversed at the cost of the appellee and the record remitted to the court below with direction to reinstate the rule for subrogation and to make the same absolute.