## John Smith to the use of Anna McDonnell and the Maryland Casualty Company *v.* Yellow Cab Company, Appellant.

*Workmen's compensation—Employer and employee—Injury to employee in the hands of a third person—Suit against—settlement—Right of subrogation.*

Under the Workmen's Compensation Law, an employer is subrogated to the rights of the employee, in an action against a tortfeasor for injuries received by the employee. If the tortfeasor makes settlement with the employee in disregard of such right of subrogation, the employer can recover from the tortfeasor the amounts which, under the Workmen's Compensation Law, he must pay to the employee.

Where an employee brought suit against a defendant tortfeasor, which settled with him, and the case was marked discontinued and settled, the employer did not lose his right of subrogation. When the suit was brought by the employee he must be considered to have brought it not only for himself, but for his employer, to the extent of the employer's liability to pay compensation. The employer's interest in the suit was therefore not lost because not mentioned in the pleadings; the defendant had timely notice that the right of subrogation was insisted upon.

By settling with the employee and having the suit marked discontinued, settled and ended, the defendant could not deprive the employer of his rights. As against the employer such discontinuance was invalid. A subrogated party cannot be deprived of his right by a release of the obligation of the primary debtor.

Keller, J., dissents.

Argued October 29, 1925. Appeal No. 237, October T., 1925, by defendant, from judgment of Municipal Court of Philadelphia County, June T., 1924, No. 16, in the case of John Smith to the use of Anna McDonnell

144   JOHN SMITH *v.* YELLOW CAB CO., Appellant.

and the Maryland Casualty Company v. Yellow Cab Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover compensation paid by an insurance carrier. Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $107.60. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Maurice W. Sloan,* and with him *Raymond A. White, Jr.,* for appellant.—An insurance carrier under the terms of the Workmen's Compensation Act cannot maintain a separate action against a tortfeasor: Marsh v. West, N. Y. & Pa. Ry., 204 Pa. 229 (1903); Lengle v. North Lebanon Twp., 274 Pa. 51 (1922); Strain v. Kern, 277 Pa. 209 (1923); Mayhugh v. Somerset Telephone Co., 265 Pa. 496 (1920); Satterfield v. Wahlquist, 267 Pa. 378 (1920); Royal Indemnity Company v. White Eng. Co., 199 N. Y. Supp. 264 (1923); Gentile v. Philadelphia and Reading Railroad Company, 274 Pa. 335.

*Louis Wagner,* and with him *R. A. Smith* and *W. F. Whittle,* for appellee.

*Russell Duane,* attorney for Philadelphia Rapid Transit Co., filed a brief as Amicus Curiae.

OPINION BY LINN, J., February 26, 1926:

Appellant (1) denies the constitutionality of section 319 of the Workmen's Compensation Law of June 2, 1915, P. L. 736, 749, and (2) questions the interpre-

tation of that section by the court below.  The legal plaintiff Smith was employed by the use-plaintiff Mc-Donnell and in the course of his employment was injured by the negligence of appellant, the Yellow Cab Company.  The employment was subject to the Workmen's Compensation Law and Smith received compensation in the sum of $107.60, from his employer's insurance carrier, also a use-plaintiff.  In February, a few weeks after the injury, they notified the appellant that for the purpose of obtaining re-imbursement of sums paid under the compensation statute, the employer was subrogated to any right Smith might have against appellant, and that ''we therefore advise that you make no adjustment with him without first advising this company of your intention to do so and protecting our rights in the matter.''

In March Smith brought suit in the common pleas against appellant to recover for the injuries so received, and alleged to have been caused by negligence; in October, before trial, the appellant paid him $2100 in settlement of the suit and had the record marked ''discontinued, settled and ended.''  Thereafter this suit was brought under section 319, and tried by a court without a jury.  The court found that the injuries for which compensation was paid were caused by the negligence of appellant, and made a finding ''in favor of the plaintiff'' for the amount so paid, on which judgment was entered.

Section 319 provides:  ''Where a third person is liable to the employe or the dependents for the injury or death, the employer shall be subrogated to the right of the employe or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer.  Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe or to the dependents, and

shall be treated as an advance payment by the employer on account of any future instalments of compensation.''

1.   We have no doubt of the constitutionality of the section.   Appellant contends that the title of the statute does not give the notice of its contents required by article III, section 3, of the Constitution which specifies that ''no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title.''   The title is ''An Act defining the liability of an employer to pay damages for injuries received by an employe in the course of employment; establishing an elective schedule of compensation; and providing procedure for the determination of liability and compensation thereunder.''   That title indicates very clearly that the statute provides for a system of workmen's compensation.   For some years earlier it had been a general subject of discussion; and in some states, as well as in Europe, had been the subject of legislation.   An essential element in any comprehensive scheme of such legislation was the restoration to the employer of what he had paid or was liable to pay pursuant to the compensation law when the injury of his employe requiring such payment resulted from the negligence of a third person.   Any title, therefore, which clearly indicated that the legislation provided a comprehensive system of workmen's compensation was sufficient to put everyone on notice that this essential element in the relation of master and servant was, or might be, provided for.*

---

*''Of the forty-two American Compensation Acts, thirty-six expressly provide for this situation.''   ''Most of the Compensation Acts however, define the rights of the parties in the situation under discussion.   In some of them, the employee must elect whether to proceed against the employer or the third person; in others, he may proceed against both, but may recover from one only; while in a third class, he may proceed against and recover from both, but the employer is entitled to be indemnified out of the amount recovered from the third party. All of them, however, provide that an employer who has paid compensation is subrogated to the rights of the employee against the third party wrongdoer.'': 38 Harvard Law Review 973 (May 1925).

Appellant says the point has not been heretofore determined in this state. In Anderson v. Carnegie Steel Co., 255 Pa. 33, various parts of the act for various reasons, were assailed as unconstitutional, among them, the whole of article III (in which section 319 appears), but the insufficiency of the title of the statute was not suggested, and all the other reasons alleged were held to be without merit.

The section came up in Mayhugh v. Somerset Tel. Co., 265 Pa. 496. Mayhugh, an employe, sued the third party and recovered judgment for $4,812. The State Workmen's Insurance Fund had paid him $1,735 under the compensation act, and, in the pending suit, obtained a rule for subrogation to the extent of the compensation paid. The rule was made absolute and the defendant, the third party, appealed from that order. The court held that appellant "cannot be prejudiced by payment to the State Workmen's Insurance Fund in discharge pro tanto of its liability to Mayhugh, and its appeal might well be dismissed for this reason alone. but, as the question of the right of the fund to be subrogated to the extent that it has paid for the injuries sustained by him has been raised, we pass upon it." It was held that section 21 of the act providing for the State Workmen's Insurance Fund, P. L. 1915, 762, authorizes the subrogation and the court said: "The right of the employer of Mayhugh to be subrogated to his right against it is expressly given by the Workmen's Compensation Act, and, as the later act [creating the Insurance Fund] in equally express words gave to the fund the right to be subrogated to the right of the employer, the appeal from the order recognizing this statutory right is dismissed."

The section came up next in Satterfield v. Wahlquist, 267 Pa. 378, a suit between a deceased employe's dependents and his employer. A compensation agreement had been made by which the widow should re-

ceive $6,545. She then brought suit against the thi⏝ party to recover for the negligent death of her husband and settled the suit for $3,500. The employer filed a petition with the Workmen's Compensation Board asking for a termination of the compensation agreement. The board refused to terminate the agreement but made an order treating the $3,500 received from the third party, as an advance payment of compensation. On appeal, the board was sustained, and the Supreme Court affirmed. It does not appear whether the employer participated in the settlement of the suit against the third party, nor is there anything to indicate that the settlement was unfair or otherwise wrong.

In Gentile v. P. & R. Rwy., 274 Pa. 335, the third party was sued by the widow of an employe; the employer was permitted to become a party-plaintiff even after the period of the statute of limitations had run, a verdict and judgment were obtained, and on appeal the court said: "As defendant is not hurt by the above mentioned subrogation provision in the Workmen's Compensation Act, it is not necessary to pass upon its constitutionality; for the statute will not be declared invalid at the instance of one not injured thereby: Mesta Machine Co. v. Dunbar Furnace Co., 250 Pa. 472."

The section again came up in this court in Wilson v. Pgh. B. & I. Co., — Pa. Super. Ct. — (July 1925). The employe sued the third party and obtained a verdict; then the employer presented a petition to be subrogated to the rights of the plaintiff to the extent of the compensation payable under the compensation agreement. Subrogation was permitted subject to payment out of the verdict, of the attorney's fees earned in the suit. This court said: "If the injured employee refuses to institute suit against the negligent third person, the employer paying or liable to him for com-

pensation, may bring such action in the name of the employee, in the manner above referred to, and prosecute it for the interests of both, and any verdict and judgment recoverable thereunder must be distributed in accordance with the provisions of section 319 above quoted.   It was such a situation, probably, that the legislature had specially in mind in its use of the last sentence of the section:  'Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to [not received by] the employee,' etc."   We therefore conclude that the employer has a right which he may enforce by suit.

2.   Appellant also contends that after it settled with the tortfeasor, no suit can be maintained under the right of subrogation conferred by section 319.   That contention disregards the meaning of the section.   Subrogation is the substitution of one in place of another possessing an enforceable claim.   The employer paid, or caused to be paid, the compensation as the law required.   By subrogating him to "the right of the employee. ., ... to the extent of the compensation payable......" all the applicable equitable principles of subrogation were imported by the statute into the relation of employer, employee, and third party; by operation of law, therefore, the employer is vested with the right and with the remedies necessary to enforce it.   Subrogation "is a mode which equity adopts to compel the ultimate discharge of the debt by him who in good conscience ought to pay it, and to relieve him whom none but the creditor could ask to pay. . To effect this, the latter is allowed to take the place of the creditor, and make use of all the creditor's securities, as if they were his own": McCormick's Administrator v. Irwin, 35 Pa. 111, 117.

Appellant argues that if this appeal is not sustained, the cause of action will in some manner have been di-

vided because the plaintiff here recovers only the amount of the compensation paid. But his recovery is limited to what the statute permits him to get,—the compensation payable, and in this case all that was payable and all that he had paid, is the amount for which the plaintiff has judgment. If, as appellant says, this suit is anomalous, it cannot take advantage of the anomaly in this court; indeed, we need not consider further the argument that section 319 provides only for intervention by the employer in a suit by the employe prior to judgment, than to say that as appellant prevented a judgment after verdict by settling before trial, it cannot now complain; the right conferred by statute would be worth little if the employer could be deprived of it whenever the tortfeasor chose to make a settlement behind the employer's back. A subrogated party cannot be deprived of his right by a release of the obligation of the primary debtor: Manley v. Montgomery Bus Co., Inc., 82 Pa. Super. Ct. 530; Illinois Auto Ins. Exchange v. Braun, 280 Pa. 550. While those contests were not with the tortfeasor, they do not support the proposition for which they are cited in the brief; on the contrary, they limit the right of the creditor or party having the primary right of action; it was held that such party may not join with the tortfeasor in destroying the benefit of subrogation vested in the insurers by insurance policies. In those cases the only relation between the tortfeasor and the insurer, arose out of the insurance policy to which the tortfeasor was not a party, whereas section 319 establishes a direct relation or status between the tortfeasor and the employer and it is on the relation so created by the statute that we ground our decision. A defendant may not bar a use-plaintiff by settling with the nominal plaintiff: Fidelity etc. Co. v. Gas Co., 150 Pa. 8.

When the employe brought suit in the common pleas

against appellant, he must be taken to have brought it, not only for himself, but for his employer to the extent of the employer's liability to pay compensation. The employer's interest in the suit was therefore not lost because not mentioned in the pleadings; and as has been stated, this appellant had timely notice that the right of subrogation was insisted on. By settling with the employe and having the suit marked discontinued, settled and ended, appellant could not deprive the employer of his right; as against the employer the discontinuance was not valid: Bentley v. Redding, 2 Mona. 715, 717; Jones v. Martins, 13 Pa. 614, 615. But as no point was made in the statement of questions involved (or during the trial) that instead of bringing this suit in the Municipal Court, plaintiff should have moved to strike off the discontinuance of the employe's suit in the common pleas and should then have proceeded there, we pass it pursuant to Rule 50 as not involved in the review desired by appellant.*

The judgment is affirmed.

_____

DISSENTING OPINION BY KELLER, J.:

I am obliged to dissent from the majority opinion. As I read the Workmen's Compensation Act of this State it does not warrant, what is in effect, the bringing of an independent action by the employer against the tortfeasor. The employer's right of subrogation must be worked out through the action brought in the name of the injured employee. He may protect his interests by intervening as an additional party plaintiff (Gentile v. P. & R. Ry. Co., 274 Pa. 335), or as a use plaintiff (Mayhugh v. Somerset Tel. Co., 265 Pa.

*The rights and remedies under compensation laws of other states in cases of injury to an employe by the negligence of a third party, are the subject of notes with references to decisions in other states in 19 Am. Law Reports, Annotated, p. 766, and 27 Am. Law Reports, Annotated, p. 493; to which may be added, Bethlehem Steel Co. v. Variety Co., 139 Md. 813, 822 &c.

496; Stoughton v. Gas Co., 165 Pa. 428), or, possibly, by having reference to his interest incorporated in the plaintiff's statement of claim in the same way as when a widow sues on behalf of herself and children for the damages sustained by the death of her husband. If he fails to adopt any of these courses, and the action instituted by the employee against the tortfeasor is settled by the record parties to the litigation, he cannot bring a second action against the tortfeasor to recover his interest in the settlement. His remedy, in such circumstances, is against the employee who by virtue of the settlement has received money properly payable to the employer: Illinois Auto. Ins. Exch. v. Braun, 280 Pa. 550; or in case of continuing disability, he may offset the sum received in settlement against the compensation payments thereafter due the employee; or perhaps, if circumstances warrant it, he may move to strike off the discontinuance, as suggested in the majority opinion. If a widow with children brings an action against a tortfeasor for the death of her husband, and a settlement is effected, without regard to the children, they have no additional right of action, either in the name of their mother, or in their own name, against the tortfeasor; their remedy is against the mother: Shambach v. Middlecreek Elec. Co., 232 Pa. 641.

An injured party may bring only one action against a wrong-doer for damages arising out of the tort: Fields v. Phila. R. T. Co., 273 Pa. 282. And when the record parties have settled it, the right of action ends with it and cannot be revived by a new and distinct suit even though brought in the name of the injured party by a person who has a right of subrogation against him.

However desirable it may be to grant the employer, what is in effect, a separate and distinct right of ac-

tion against the tortfeasor, our Legislature has not seen fit to do so.

I would reverse the judgment on this ground. I have no doubt as to the constitutionality of the section of the act under consideration, if restricted to the methods outlined above.