## Commercial Casualty Insurance Company *v.* Leebron, Appellant.

*Insurance—Automobile insurance—Payment of claim by insurer—Subrogation—Release of tort feasor by insured—Effect.*

An insurance company, which has paid a claim of an insured on account of property damages and taken a subrogation receipt therefor, can recover from the insured the amount paid him, where it appears that the insured gave a general release to the person whose negligence caused the damage, without the consent or agreement of the insurance company.

Argued December 13, 1926. Appeal No. 291, October T., 1926, by defendant from judgment of M. C., Philadelphia County, March T., 1924, No. 979, in the case of Commercial Casualty Insurance Company v. Jacob D. Leebron. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit by an insurance company to recover the amount paid to an insured on account of property damaged. Before GLASS, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for plaintiff in the sum of $233.35 and entered judgment thereon. Defendant appealed.

*Errors assigned* were the finding of the court and the refusal of defendant's motion for a new trial.

*Marc Billett,* for appellant, cited: Manley v. Montgomery Bus Co., 82 Pa. Superior Ct. 530; Illinois Auto Ins. Co. v. Braun, 280 Pa. 550.

*Herbert A. Barton,* and with him *Swartz & Campbell,* for appellee.

OPINION BY TREXLER, J., March 3, 1927:

The plaintiff issued a policy of insurance on an automobile of the defendant, protecting said defendant against liability for personal injury, property damage and collision. Defendant's automobile collided with another and in accordance with the terms of policy, the plaintiff settled for the damages and paid to him the sum of $178. When he received this sum, he gave what is known as a subrogation receipt, dated January 8, 1921, in which he agreed to subrogate the plaintiff, the Commercial Casualty Insurance Company, to all claims, demands and actions which he had against anyone whose negligence caused the damage. There was also a clause in the policy which provided: "In case of loss and/ or expense under this policy, the company shall be subrogated, to the amount of such payments, to the assured's right of recovery against others for such loss and/ or expense, and the assured shall execute all papers required and shall co-operate with the company to secure such rights."

On March 26, 1921, the defendant made settlement directly for the damages sustained, with the party whose negligence occasioned them and gave a release in full without the consent of the insurance company. Thereupon, the insurance company brought suit against him for the amount they had paid him, alleging that through his giving a release in full to the party whose negligence occasioned the damages, it was deprived of its right of subrogation. The trial judge, jury trial being waived, found for the plaintiff.

When the defendant gave the Dusel-Goodloe Compay the tort feasor, the release, the insurance company, who held his subrogation agreement was required to give its consent to the release if its subrogation right was to be given up. It was also entitled to this under the terms of the policy. Unless it released its right of subrogation, the defendant could not take it from it. In the case of Manley v. Montgomery, 82 Pa. Superior Ct. 530, this court said: "A contract of insurance is a contract of indemnity and, from its nature, the insurer, after paying to the insured the amount of a loss on a policy, is entitled to be subrogated in a like amount to the insured's right of action against the wrongdoer........He (the insured) had notice of the relation of the insurer to the case through his subrogation assignment. It was not his right therefore to barter away or to give away the demand of the insurance company through him on the bus company. Two actions could not be brought on the claim set up by Manley against the defendant. When he released the bus company from liability for damage to the automobile and proceeded to final judgment for the balance of the claim, he put it out of the power of the insurance company to assert its right in an action." This principle was followed in the case of Illinois Auto Insurance Co. v. Braun, 280 Pa. 550. These cases rule the question.

The judgment of the lower court is affirmed.