The Union Insurance Society, Limited, *v.* Saller, Appellant.

Argued October 9, 1928. Be-fore PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*John Webster Jones,* for appellant, cited: White v. Transfer Co., 270 Pa. 514; Newman v. The Globe, 275 Pa. 374.

*Arthur S. Arnold,* and with him *J. Edgar Butler,* for appellee, cited: Hennissey v. Auto Owners Asso., 273 S. W. 1024; Buck v. Rudolph, 83 Pa. Superior Ct. 439; Penna. R. R. v. Bower, 64 Pa. Superior Ct. 296; McCrossan v. Reilly, 33 Pa. Superior Ct. 628; Ward v. Babbitt, 270 Pa. 370.

OPINION BY LINN, J., December 13, 1928:

Plaintiff sued to recover money received for its use by the defendant, Saller. It had issued an open policy of insurance to one, Huber, engaged in financing automobile purchases by others. Defendant borrowed from Huber part of the purchase price of an automobile, securing Huber by documents said to transfer the car as collateral. For the purposes of this appeal we need not examine the relationship between Huber and defendant because it is conceded that pursuant to the open policy held by Huber, a certificate of insurance subject to the terms of the policy was issued by plaintiff to, and accepted by, the defendant; for an additional premium, he was also insured by the certificate against damage to the automobile by accidental collision.

While the insurance was in force, the automobile was damaged in collision by one, Cooke. Defendant demanded indemnity under his contract of insurance, and filed a proof of loss claiming $600. Plaintiff paid the claim, took defendant's receipt acknowledging the payment of $600 and also took an assignment of his claim against Cooke, the tort-feasor, pursuant to a provision in the insurance contract entitling plaintiff

to subrogation. Although defendant had thus authorized plaintiff to bring suit in his name to plaintiff's use, against Cooke to recover for the damages to the car insured, the record shows that before such suit was brought, the defendant, after having received the $600 from plaintiff, collected from Cooke, without the knowledge or consent of the plaintiff, the sum of $750, and in consideration of that payment executed a release "of all injuries to person or property resulting ......." from the collision. $600 of that sum was of course received for plaintiff's use as much as if it had been recovered in the suit which defendant authorized plaintiff to bring in his name.

The only question here, therefore, is whether, having settled with the tort-feasor for a sum which included the damage to the automobile, and thereby put it out of plaintiff's power to assert defendant's claim to its use against Cooke, he can refuse to restore to the plaintiff $600 of what he received from Cooke for plaintiff's use. Both law and morals are against his contention. The subject has been so recently considered in this state that the discussion need not be repeated: Illinois Automobile Insurance Exchange v. Braun et al., 280 Pa. 550; Manley v. Montgomery Bus Co. et al., 82 Pa. Superior Ct. 530.

Judgment affirmed.