## Jordan v. H. M. Musser & Co.

Harold G. Ripple and Charles W. Eaby, for plaintiff.
John E. Malone, for defendant.

GROFF, J., April 13, 1929.—In this case the plaintiff brings a suit in the Court of Common Pleas to recover for tuberculosis contracted while in the

employ of the defendant, claiming that his disease resulted from the preparation and application of lacquer, which was used in his department for the purpose of coating and painting umbrella handles.

Defendant, in reply to this statement, filed an affidavit of defense raising two questions of law: "First. If the plaintiff has a remedy, it is not an action at law, but under the terms of the Workmen's Compensation Act. Second. Even if plaintiff had a remedy at law, the statement filed in the case shows that the injury complained of was a risk known and obvious and likewise incident to the employment."

Is the defendant's contention correct? Must the plaintiff proceed under the Workmen's Compensation Act?

Section 301, article III, of the Workmen's Compensation Act of June 2, 1915, P. L. 738, is as follows: "When employer and employee shall by agreement, either express or implied, as hereinafter provided, accept the provisions of article III of this act, compensation for personal injury to, or for the death of, such employee, by an accident, in the course of his employment, shall be made in all cases by the employer, without regard to negligence, according to the schedule contained in section 306. . . ." And section 302 (a) provides: "In every contract of hiring made after December thirty-first, one thousand nine hundred and fifteen, and in every contract of hiring renewed or extended by mutual consent, express or implied, after said date, it shall be conclusively presumed that the parties have accepted the provisions of article III of this act, and have agreed to be bound thereby, unless there be, at the time of the making, renewal or extension of such contract, an express statement in writing, from either party to the other, that the provisions of article III of this act are not intended to apply, and unless a true copy of such written statement, accompanied by proof of service thereof upon the other party, setting forth under oath or affirmation the time, place and manner of such service, be filed with the bureau within ten days after such service, and before any accident has occurred. . . ."

It is, therefore, clear that the party having been employed by the defendant, and having worked in his place of business for a considerable time, did accept his employment under the provisions of sections 301 and 302 (a), article III, of the Workmen's Compensation Act. There is nothing in the statement filed in this case that would remove him from the provisions of the act or give him relief in a common law action. He is, under the allegations of his statement, and under the provisions of the law above quoted, bound to seek his remedy in the courts provided by the Workmen's Compensation Act.

This view of the law is sustained in the clear and concise opinion of Mr. Chief Justice Brown, in Anderson v. Carnegie Steel Co., 255 Pa. 33, 36.

It was held in Liberato v. Royer and Herr, 81 Pa. Superior Ct. 403, that: "The Workmen's Compensation Act authorized employer and employee to agree upon a system of compensation for injuries sustained in the course of employment;" and that "when an employer and employee acepts the provisions of the Workmen's Compensation Act in the manner therein provided, their relations become contractual and their rights are to be determined by their agreement. . . ." This same doctrine is affirmed in Smith et al. v. The Yellow Cab Co., 87 Pa. Superior Ct. 143.

The case of Good v. Intercourse Electric Light Co., 38 Lanc. Law Rev. 465, is not in point, that having been decided for reasons which do not arise in this case.

The other question that arose in the court's mind was whether or not this was such an injury as was covered by the Compensation Act. The second

paragraph of section 301, article III, of the Workmen's Compensation Act of June 2, 1915, P. L. 738, says: "The terms injury and personal injury as used in this act shall be construed to mean only violence to the physical structure of the body, and such disease or infection as naturally results therefrom;" but an examination of the cases leads us to believe that the facts set forth in the plaintiff's statement bring this case within the act.

The following cases have been held to be within the said act:

"Coming in contact with halo-wax, or the gases arising from it, resulting in skin disease, is violence to the body within the act:" Vukmirovic v. Westinghouse Co., 66 Pitts. L. J. 53.

"Anthrax contracted through handling hides is violence to the physical structure within the act:" Smith v. Sones, 16 Pa. Justices' Law Repr. 169.

"Dermatitis contracted through handling hides containing poisonous chemical has been held an accident under this act:" Roller v. Drueding Bros. Co., 45 Pa. C. C. Reps. 117; 26 Dist. R. 85.

The second paragraph of section 301 of the Compensation Act, above cited, is broad enough to cover the injury here complained of, which, in our mind, is a proper subject for the compensation court, and which, for the reasons we have hereinbefore stated, removes it from the jurisdiction of the Court of Common Pleas.

We, therefore, decide that the first question of law raised in the affidavit of defense disposes of the whole claim. The court, therefore, enters judgment for the defendant on the first question of law raised in the affidavit of defense. The second question of law raised will not be discussed in this opinion.

From George Ross Eshleman, Lancaster, Pa.