Erie Insurance Exchange, Appellant, *v.* Gouse.

Argued October 6, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*William S. Bailey,* with him *Robert Lee Jacobs* and *Bailey & Rupp,* for appellant.

*F. Brewster Wickersham,* with him *Maurice Yoffee, Thomas D. Caldwell, Metzger, Wickersham & Knauss,* and *Caldwell, Fox & Stoner,* for appellee.

OPINION BY WRIGHT, J., January 17, 1956:

Erie Insurance Exchange, hereinafter referred to as Erie, brought an action of assumpsit against John H. Gouse. The complaint averred that Erie had issued a one year policy insuring Gouse's automobile, inter alia, against loss as the result of collision; that on March 7, 1951, Gouse's car, while being operated by his wife, was damaged to the extent of $1281.73 in a collision with a bus of the Valley Transportation Company, hereinafter referred to as Valley; that on April 2, 1951, Erie paid Gouse $1231.73 (the policy contained a $50.00 deductible clause); that, by the terms of the

policy,[1] Erie thereupon became subrogated to that extent against Valley; that Gouse subsequently instituted an action in trespass against Valley to recover damages resulting from said collision; that, on March 11, 1953, without the knowledge or consent of Erie, Gouse settled and discontinued the action; that Erie's right to recover against Valley had been prejudiced by the settlement, and that Gouse had breached his contract. Erie demanded the return of the amount paid under the policy.

Gouse filed an answer with new matter. In the answer it was averred that Gouse and his wife brought an action against Valley to recover only those damages arising out of personal injuries received by the wife. It was admitted that this action was settled and discontinued, but it was averred that Erie was not thereby prejudiced, and that there was no breach of Gouse's contract. In the new matter it was averred that, on September 19, 1952, Erie brought a separate action against Valley to recover the property damage to Gouse's car resulting from the collision, which action was still pending. Finally, it was averred in the new matter that Gouse had cooperated with Erie in every respect, that he had done nothing to prejudice Erie's subrogation rights, "and was always ready and willing to execute instruments and papers and do any other things required of him by the plaintiff to secure the property damage subrogation claim of said plaintiff".

In its reply to the new matter, Erie denied that Gouse had not prejudiced its rights, and denied that

---

[1] "In the event of any payment under this policy, the Exchange shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights".

Gouse had cooperated in any respect. The reply averred to the contrary that Gouse had refused to include in his complaint a claim for damage to the automobile, and that Gouse had refused to sign a complaint in an action which Erie proposed to bring against Valley in Gouse's name.

Both Erie and Gouse filed motions for judgment on the pleadings. After argument, the lower court overruled the motion of Gouse and granted the motion of Erie. Upon Gouse's petition, a reargument was granted and the judgment in favor of Erie vacated. Following the reargument, the lower court entered an order overruling Erie's motion. This appeal by Erie followed.

The refusal of a plaintiff's motion for judgment on the pleadings is appealable. We must accept the allegations of the defendant's answer as true, and must ignore the plaintiff's reply to new matter: *Wark & Co. v. Twelfth & Sansom Corp.*, 378 Pa. 578, 107 A. 2d 856. Considering the pleadings on such basis, our conclusion is that the case at bar is not one for summary judgment.

Appellant's first contention is that it is entitled to judgment because the pleadings disclose that the insured sued the tortfeasor "on a cause of action arising out of said collision" without including a claim for the property damage, and thereafter settled and discontinued the action without the insurer's consent. In support of this contention appellant cites five cases, the factual situation in each of which is clearly distinguishable.

In *Commercial Casualty Insurance Co. v. Leebron*, 90 Pa. Superior Ct. 201, in *Union Insurance Society v. Saller*, 95 Pa. Superior Ct. 41, and in *National Mutual Assurance Co. v. Gardner*, 80 D. & C. 166, the in-

sured gave a general release to the tortfeasor. In *Illinois Auto Insurance Exchange v. Braun,* 280 Pa. 550, 124 A. 691, the insured brought suit against the Company for collision damage to his truck. The trial resulted in a verdict against the Company, the amount of which verdict it paid the insured. The insured then brought suit against the tortfeasor for the damage to his truck and its cargo. The latter item was not covered by the policy. The suit was settled prior to trial and without notice to the Company. In *Manley v. Montgomery Bus Co.,* 82 Pa. Superior Ct. 530, after payment from the Company for his property damage, the insured brought suit against the tortfeasor to recover for both personal injuries and property damage. Prior to trial, and without notice to the Company, the insured agreed with the tortfeasor to discontinue so much of the action as related to the property damage. The action was proceeded with to verdict and judgment, and we granted the Company's petition for subrogation.

Appellant argues that "every type of relief against an opposing party must be claimed in one action", citing *Simodejka v. Williams,* 360 Pa. 332, 62 A. 2d 17. That case turned on the doctrine of res judicata in third party procedure, and is not controlling here. In *Fisher v. Hill,* 368 Pa. 53, 81 A. 2d 860, also cited, it was held that any item of damage suffered by a plaintiff individually and omitted from a lawsuit becomes merged in the judgment and cannot thereafter be asserted in a separate suit. Without deciding whether such circumstance is controlling in a subrogation proceeding, we note that Gouse's action against Valley did not proceed to verdict and judgment. The discontinuance did not prevent another suit, and Valley could not successfully assert therein as a defense

against Erie that the insured's action had been settled.[2] See *Smith v. Yellow Cab Co.*, 87 Pa. Superior Ct. 143; affirmed 288 Pa. 85, 135 A. 858.

Appellant's second contention is that it was "prejudiced by the action of its insured in forcing it to sue in its own name". Since, as previously noted, we must on this appeal ignore the reply to the new matter, it is apparent that the factual question upon which this contention is based must be submitted to the jury. We cannot here assume that Gouse failed to cooperate, or that Erie objected to a separation of the claims, or to bringing suit for the property damage in its own name. The burden of proof so far as prejudice is concerned is upon Erie: *Gordon v. London*, 180 Pa. Superior Ct. 45, 117 A. 2d 778. We are not in accord with appellee's contention that the issue of prejudice has been resolved by the trial (see footnote 2) of Erie's separate action and is therefore moot.

The order of the lower court is affirmed.

---

[2] While not a part of the record in the instant case, there was attached to appellee's brief a copy of the docket entries in the action of Erie against Valley. It appears that, on May 19, 1955, the case was tried before a jury which found for the defendant. The counter-history of the case contained in appellee's brief sets forth that Valley did not attempt to set up settlement by the insured as a defense.