Saber, Appellant, *v.* Supplee-Wills-Jones Milk Co.

168

Argued March 20, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J., absent).

*W. T. Adis,* with him *James C. Crumlish, Jr.,* and *Davis, Marshall & Crumlish,* for appellant.

*Arthur E. Newbold, III,* with him *Owen B. Rhoads,* and *Barnes, Dechert, Price, Myers & Rhoads,* for appellee.

OPINION BY WRIGHT, J., July 17, 1956:

On August 12, 1952, the motor vehicle of Daniel Saber was struck by a truck negligently operated by an employe of Supplee-Wills-Jones Milk Company, hereinafter referred to as the Company. On August 25, 1952, Saber received the sum of $277.50 ($327.50 less $50.00 deductible) from his collision insurance carrier, Universal Insurance Company, hereinafter referred to as Universal. In consideration of this reimbursement for his property damage, Saber gave Universal a "loan receipt".

On September 17, 1952, Attorney C. advised the Company by letter that he represented Saber in his claim for damages. On October 24, 1952, Attorney B.

instituted a suit for Saber against the Company to recover personal injury damages only. On November 18, 1953, following trial on the merits, the said suit resulted in a verdict for plaintiff in the sum of $250.00. Judgment was entered on the verdict on December 15, 1953, and satisfied of record on December 30, 1953.

On January 27, 1954, Attorney C. instituted the present action against the Company in Saber's name[1] to recover the $327.50 property damage. The Company filed an answer with new matter averring the prior suit and satisfaction of the judgment recovered therein. Admitting this averment, Saber replied that he was merely the nominal plaintiff in the present action, that the real party in interest was Universal, and that notice of Universal's subrogation rights had been given by means of the letter of September 17, 1952. The Company then moved for judgment on the pleadings. As a result of this motion, judgment was entered for the defendant Company on July 19, 1954. This appeal followed.

Appellant concedes that a single negligent act causing an injury to both person and property of the same individual gives rise to but one cause of action with separate items of damage, but contends that "a recovery for either item of damage does not bar an action to recover the other item of damage where there is subrogation under an insurance policy contract". In *Fields v. Philadelphia Rapid Transit Co.*, 273 Pa. 282, 117 A. 59, Mr. Justice SADLER said:

"The question raised by the record concerns the right to maintain separate proceedings for injuries to property and person, where the same event has caused losses to both. It is a well-settled and familiar rule

---

[1] See Pa. R. C. P. No. 2002(d).

that a single claim, arising either in contract or in tort cannot be divided and made the subject of several suits; and if actions are brought for different parts of a single demand, *a judgment on the merits* in one is available as a bar to the other . . ." (italics supplied).

That a judgment on the merits in the action pleaded as a bar constitutes the controlling factor is indicated by *Frankel v. Quaker City Cab Co.*, 82 Pa. Superior Ct. 217, wherein this court held that the rule of the *Fields* case did not apply. And in *Erie Insurance Exchange v. Gouse*, 180 Pa. Superior Ct. 488, 119 A. 2d 672, we emphasized the fact that the insured's original action "did not proceed to verdict and judgment". In the case at bar the prior action proceeded to verdict and judgment, and the omitted element of damage therefore became merged in the judgment. See *Simodejka v. Williams*, 360 Pa. 332, 62 A. 2d 17; *Fisher v. Hill*, 368 Pa. 53, 81 A. 2d 860.

Conceding the application of the foregoing rule as between the original parties, appellant argues "that the right of an insurer to subrogation cannot be defeated by the rendition and satisfaction of a judgment in favor of its insured after said right of subrogation has accrued". It is true that subrogation is of equitable origin and its operation is governed by principles of equity: *Fell v. Johnston*, 154 Pa. Superior Ct. 470, 36 A. 2d 227. And we have recently stated, citing *Smith v. Yellow Cab Co.*, 87 Pa. Superior Ct. 143, affirmed 288 Pa. 85, 135 A. 858, that a settlement and discontinuance by the insured of an action for personal injury does not preclude a suit by the subrogee for property damage. See *Erie Insurance Exchange v. Gouse*, supra, 180 Pa. Superior Ct. 488, 119 A. 2d 672. However, in the case at bar appellant is met, not by a settlement and discontinuance, but by a judgment which has been satisfied. The three cases from other juris-

dictions relied upon by appellant[2] are not in accord with the majority rule. See annotations in 64 ALR 663, 127 ALR 1081, and 140 ALR 1241.

Appellant next contends that "where the pleadings disclose that the real party in interest is the nominal plaintiff's collision insurance carrier, and where it has notice of the rights and interest of the said carrier, the defendant is estopped to assert as a defense satisfaction of a previous judgment in favor of nominal plaintiff for personal injury sustained in the same accident". This argument is based upon the assumption that appellee had knowledge of appellant's subrogation interest by virtue of the letter of September 17, 1952. But the letter in question does not in any way suggest the possibility of a subrogation claim, so that the issue appellant attempts to raise is not squarely presented. However, appellant's argument has apparently been answered contrary to his contention in *Moltz v. Sherwood Bros.*, 116 Pa. Superior Ct. 231, 176 A. 842. In that case the legal plaintiff was injured in a motor vehicle collision. The use plaintiff, a compensation carrier, paid the legal plaintiff the amount due him under the Workmen's Compensation Act, and notified the defendant that it was entitled to reimbursement. The legal plaintiff subsequently brought suit against the defendant and recovered a judgment, which was satisfied. An action was thereafter instituted on behalf of the use plaintiff to recover the amount of the compensation payments. In ordering that judgment be entered for the defendant, this court said:

"There is a clear distinction between the instant case and the case of Smith v. Yellow Cab Co., 288 Pa.

---

[2] *Underwriters at Lloyds Insurance Co. v. Vicksburg Traction Co.*, 106 Miss. 244, 63 So. 455; *Travelers Indemnity Co. v. Moore*, 304 Ky. 456, 201 S.W. 2d 7; *Underwood v. Dooley*, 197 N.C. 100, 147 S.E. 686.

85, 135 A. 858. In that case the defendant settled the cause of action before judgment and paid the injured party voluntarily, after he had received notice of the employer's claim for subrogation. In this case there was no settlement out of court. The defendant only paid the judgment which had been obtained against him. It was no defense to that judgment that the employer or insurance carrier might be entitled to receive a part of it. That was between them and the plaintiff in the judgment, but it was not a matter of defense to the judgment. The mere giving of notice to the defendant in the action did not relieve the employer or the insurance carrier of reasonable diligence in looking after its own claim, nor permit it to recover a second judgment on the same cause of action for which the injured employee had already recovered a judgment which had been satisfied".

Judgment affirmed.