# Luria Steel & Trading Corporation *v.* Dittig, Appellant.

Argued March 18, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John A. Metz, Jr.,* with him *Maurice J. Arnd, Guy L. Warman,* and *Metz, Cook, Hanna & Kelly,* for appellant.

*John H. Morgan,* with him *Barton Z. Cowan,* and *Eckert, Seamans & Cherin,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 21, 1964:

The plaintiff-appellee, Luria Steel & Trading Corporation, filed a complaint in assumpsit against Eric N. Dittig, the defendant-appellant. The complaint averred that on or about November, 1948, the appellee, Luria Steel, loaned the appellant $28,189.77, so that the appellant could purchase a certain property in Mt.

Lebanon, Allegheny County. The complaint also alleges that the appellant executed a bond and mortgage on the said property. The complaint alleged further that the appellant has refused to pay upon demand of payment. The appellant filed an answer in which he denied the material allegations of the complaint and asserted, inter alia, under new matter, that the claim was barred by the Statute of Limitations. The appellee then filed a reply to defendant-appellant's new matter in which it restated the averments in the complaint and averred that the Statute of Limitations had been tolled because of the appellant's acknowledgment of the debt. A copy of the alleged acknowledgment was attached to the reply. The plaintiff-appellee then moved for a judgment on the pleadings, which was granted; this appeal followed.

In considering a motion for judgment on the pleadings, we must accept the allegations in the defendant-appellant's answer as true and ignore the plaintiff-appellee's reply. *Wark & Co. v. Twelfth & Sansom Corp.,* 378 Pa. 578, 107 A. 2d 856 (1954); *Erie Ins. Exchange v. Gouse,* 180 Pa. Superior Ct. 488, 119 A. 2d 672 (1956), and the cases cited therein. A motion for judgment on the pleadings is in the nature of a demurrer. The motion implies that the answer does not contain averments of sufficient quality to overcome the averments of the complaint even when, for purposes of the motion, the allegations of fact in the answer are presumed to be true.

In the case at bar, the defendant-appellant by his answer and new matter denied the material allegations of the complaint and set up the Statute of Limitations as an affirmative defense. The court below, however, considered the alleged acknowledgment contained in the reply as establishing the tolling of the statute. The reply, however, should not have been considered under the rule in the *Wark* case (supra).

The Rules of Civil Procedure, Rule 1017(a), provide: "The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection, an answer thereto, and a motion for judgment on the pleadings". Thus, the defendant has had no opportunity, under the rules, to answer the reply. The rationale of the *Wark* case is to prevent situations such as the case at bar. The defendant may have a meritorious defense to the alleged acknowledgment, which he is not permitted under the rules to plead. A judgment on the pleadings is not intended to cut off defenses which cannot be pleaded but rather to inquire into the sufficiency of the complaint and the answer. This case must be permitted to proceed to trial and the judgment on the pleadings vacated because (1) the answer does meet the thrust of the complaint and valid issues of law and fact are joined, and (2) the reply to new matter may not be considered in a motion for judgment on the pleadings, and (3) the defendant-appellant must be given the opportunity, at the time of trial, to present any defense he may have to the alleged acknowledgment.

Judgment reversed and case remanded for trial.