## Citizens National Bank v. Leslie

*Dominick Motto*, for plaintiff.
*William R. Balph, Jr.*, for defendant.

HENDERSON, *P.J.*, October 20, 1978—Before us now is plaintiff's motion for judgment on the pleadings against defendant Helen R. Leslie. (A

default judgment has been taken by plaintiff against defendant Margaret C. Whiteside.) Plaintiff claims the answer and new matter filed by Leslie alleged no facts which would constitute a defense to plaintiff's claim against her. We agree.

In considering plaintiff's motion for judgment on the pleadings all of the allegations in defendant's answer and new matter must be accepted as true: Luria Steel & Trading Corp. v. Dittig, 414 Pa. 197, 199 A. 2d 465 (1964). The moving party's right to prevail must be so certain that a trial would clearly be a fruitless exercise: Goldman v. McShain, 432 Pa. 61, 247 A. 2d 455 (1968).

Looking at the pleadings in this light, the facts before us are as follows. On January 18, 1978, Helen Leslie issued and executed a check in the sum of $17,000 payable to Margaret Whiteside drawn on the First National Bank of Lawrence County. Whiteside endorsed and delivered said check to plaintiff bank the next day, where it was deposited in Whiteside's account. The same day Whiteside drew a check upon her account at plaintiff bank in the amount of $15,000 payable to Leslie. This check was delivered and credited to Leslie's account at First National. The original $17,000 check was not presented to First National Bank until January 24, 1978. By this time Leslie had stopped payment on the check so that First National refused to pay plaintiff on said check. Plaintiff has since demanded payment from Leslie but she has failed to pay any part of the check.

Leslie has admitted that plaintiff took her check and paid value for it at least to the amount of $15,000. Her only defense is based upon plaintiff's alleged failure to seasonably collect on the $17,000 instrument. The issue to be determined now is

whether this is a meritorious defense to the complaint.

The defense is based upon the holder's (plaintiff's) delay in presenting the instrument to the drawee (First National) for acceptance or payment. In the language of the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §3-502, the demand for acceptance or payment by the holder is called the "presentment." 12A P.S. §3-504(1) says, "Presentment is a demand for acceptance or payment made upon the maker, acceptor, drawee or other payor by or on behalf of the holder." Defendant is actually claiming that plaintiff made an untimely presentment. But the code clearly deals with such a defense in section 3-502, 12A P.S. §3-502:

"(1) Where without excuse any necessary presentment or notice of dishonor is delayed beyond the time when it is due

(a) any indorser is discharged; and

(b) any drawer or the acceptor of a draft payable at a bank or the maker of a note payable at a bank who because the drawee or payor bank becomes insolvent during the delay is deprived of funds maintained with the drawee or payor bank to cover the instrument may discharge his liability by written assignment to the holder of his rights against the drawee or payor bank in respect of such funds, *but such drawer, acceptor or maker is not otherwise discharged.*" (Emphasis supplied.)

No allegations have been made that the payor bank (First National) became insolvent during this 5-day delay. We need not discuss whether the presentment was made within a reasonable time under section 3-503, 12A P.S. §3-503, or whether

any delay was excused under §3-511, 12A P.S. §3-511, since the drawer's (defendant's) obligation is not discharged even if there was an inexcusable delay.

"A drawer usually gives a draft in payment for something, or of a debt, or to obtain cash. In any event, he is the one who starts the draft in the stream of commerce and to whom any holder feels he can look for payment. Thus, under the 'anti-freeloader' policy ingrained in Anglo-American law, the drawer is not allowed to escape liability by mere technicalities, such as delay in performing conditions precedent. In other words *except for protest, the technical and literal conditions precedent to a drawer's liability are virtually meaningless;* a drawer is indefinitely liable until demand, which starts the statute of limitations. Thus, the drawer assumes all risks of what may happen relevant to his draft while it is outstanding and unpaid. . . ." Bender's U.C.C. Service, Hart & Willier, Commercial Paper sec. 6.05[2] (1975).

Since there is no indication that any loss was suffered by Ms. Leslie because of the 5-day delay, the result reached is reasonable. As the comment to section 3-502 notes, the drawer would receive an unjust enrichment if a discharge was found since the drawer normally has obtained goods or other consideration for the issuance of the check. From the record in this case, it appears that Ms. Leslie has acquired a windfall of at least $15,000.

At issue here is defendant's liability, not plaintiff's. The argument made by Leslie is seemingly analogous to a defense of contributory negligence. Plaintiff's alleged negligent delay somehow vitiates her obligation to honor her note. She claims that if plaintiff had acted with reasonable dispatch,

it would have learned of the stop-payment order in time to have placed Whiteside in overdraft status before the $15,000 check from Whiteside to Leslie was accepted by plaintiff. This argument is patently absurd when made by Leslie since she was the primary beneficiary of any such negligence. She is saying in effect that since the $15,000 check to her from Whiteside was accepted by plaintiff before it discovered that Leslie had dishonored her own $17,000 check to Whiteside, she should be discharged from her obligation as drawer of the $17,000 check. Such a result would be repugnant to logic and justice, as well as contrary to the workings of the Uniform Commercial Code. The allegations in defendant-Leslie's new matter provide no defense to plaintiff's claim.

Since no meritorious defense has been stated to plaintiff's claim, the motion for judgment on the pleadings will be granted.

## ORDER

Now, October 20, 1978, in conformity with the opinion filed herewith, it is hereby ordered, adjudged and decreed that plaintiff's motion for judgment on the pleadings against Helen R. Leslie is hereby granted.