Fisher, Appellant, *v.* Hill, Appellant.

54

Argued April 10, 1951. Before STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*D. Malcolm Hodge,* with him *E. P. Balderston, Jr.,* and *Hodge, Hodge & Balderston,* for defendant.
*Paul C. Van Dyke,* with him *James A. Cochrane,* for plaintiff.

OPINION BY MR. JUSTICE CHIDSEY, June 27, 1951:

This is an action by George E. Fisher, Jr., individually and in his own right, and as administrator of the

estate of George E. Fisher, 3rd, deceased, against William H. Hill, under the Wrongful Death and Survival Statutes, to recover damages occasioned by the death of his son, George E. Fisher, 3rd. These appeals are from the decree of the court below holding that by reason of a prior suit *(Fisher v. Hill,* 362 Pa. 286, 66 A. 2d 275) wherein Fisher sued as administrator of his wife's estate and individually and in his own right under the Survival and Wrongful Death statutes respectively, no recovery could now be had under the Wrongful Death Act, but an action could be maintained as administrator of his deceased son's estate. The court held that Fisher was required to sue in a single action for all damages claimed individually and in his own right for the deaths of his wife and son.

The tractor-trailer owned by William H. Hill and the automobile owned by George E. Fisher, Jr., and operated by his wife, Levinia Florence Fisher, were involved in an accident on December 1, 1947, as a result of which Mrs. Fisher was killed instantly and George E. Fisher, 3rd, the son who was a passenger in the Fisher vehicle, sustained serious bodily injuries from which he died the following day. Fisher instituted suit against Hill on February 20, 1948, suing as administrator of the estate of his deceased wife to recover damages for her death under the Survival statute, and individually and in his own right to recover damages for her death under the Wrongful Death Act and for damages done to his automobile. He was the sole person entitled to recover under the Wrongful Death Act. The cases were tried before a jury which returned verdicts in his favor as administrator in amount of $100.00, and individually and in his own right in amount of $10,000.00. The judgments were affirmed by this Court on May 23, 1949 *(Fisher v. Hill,* supra). These judgments were paid and the records marked satisfied on June 9, 1949.

The instant proceedings were instituted on June 25, 1948, to recover damages by reason of the death of the son under the Survival and Wrongful Death Statutes. An amended complaint was filed on September 29, 1948, and served upon defendant's attorney the same day, endorsed with a notice to plead within twenty days from the date of service. Defendant, on July 28, 1949, filed a responsive pleading entitled "Defendant's Answer to Amended Complaint and New Matter". Under "New Matter" defendant averred that the first suit was an "estoppel and bar" to the present suit. Plaintiff, on August 4, 1949, filed preliminary objections in the form of a motion to strike off defendant's answer alleging that (1) the answer and new matter were not timely pleaded, and (2) the former suit was not *res judicata* as to the second suit.

(1). Pennsylvania Rules of Civil Procedure Nos. 1026 and 1361, in substance, provide that every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading if notice to plead is endorsed thereon. The word "shall" is not mandatory in the sense that it admits no exception unless an extension of time is secured by agreement of the parties or by leave of court as provided for in Rule No. 1003. Neither under the Practice Act of 1915 where the word "shall" was used nor under the present Rules of Civil Procedure has this Court regarded such provisions as to pleading so mandatory as not to permit exceptions where justice requires. "Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives. It is for this reason that Pa. R. C. P. No. 126 (332 Pa. lxvii) provides: 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The

court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties' ": *McKay v. Beatty,* 348 Pa. 286, 287, 35 A. 2d 264. "The Rules are to be interpreted with common sense to carry out the purposes for which they were adopted.": *Usner v. Duersmith,* 346 Pa. 494, 496, 31 A. 2d 149.

Under the Practice Act of 1915, it was held that an answer could be filed in an action in assumpsit at any time and without leave of court even after the fifteen day period if judgment for the default had not been entered. In actions of trespass generally leave of court was required if an affidavit of defense was not filed within fifteen days. However, an affidavit of defense improperly filed without leave of court would not necessarily be stricken off if the court would have, on proper application, granted the defendant permission to file it. In the commentary of Goodrich-Amram on the Pennsylvania Rules of Civil Procedure relating to actions at law, the time for filing answers is discussed under Section 1045(a)-1, at page 200, and concludes as follows: "The rule is therefore the same in assumpsit and trespass cases. In either, the answer can be filed at any time and without leave of court, even after the 20-day period has expired, if the plaintiff has not yet taken judgment against the defendant for default." It is unnecessary in this case to adopt this interpretation of the Rules. It is sufficient now to hold that dilatory pleadings may be filed if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court.

The present suit could have been instituted at the time plaintiff brought his earlier action. Appellee states in his brief that the present case was continued by the court below not on his motion but for the stated reason that if a new trial were granted in the prior suit, then the same would be consolidated with the pres-

ent suit for trial and that by reason of the pendency of the appeal in the prior suit, neither party ordered the present suit on the trial list for the March term of court which commenced May 2, 1949, and that when plaintiff ordered the present suit on the trial list on June 13, 1949, the next trial court did not commence because of summer recess until October 24, 1949. Defendant's answer and new matter was filed on July 28, 1949, and plaintiff's preliminary objections on August 4, 1949.

The lower court in its opinion states: "In the instant case the defendant had a valid reason for delay, as it was necessary for him to wait until the first suit had finally been determined and the judgment paid, before attempting to interpose the affirmative defense of 'estoppel and bar.' The Court feels that the rights of the plaintiff have not been adversely affected by the delay, and accordingly over-rules the plaintiff's first ground in his motion to strike off the Answer and New Matter." It cannot be said, in the circumstances, that there was any abuse of discretion by the court below in refusing to strike off defendant's answer and new matter.

(2). Plaintiff contends that because the accident resulted in the death of his wife and of his minor child, there became vested in him four causes of action, two under the Survival and Wrongful Death Acts respectively by reason of the death of his wife and, similarly, two by reason of the death of his infant son. While the *rights* of action conferred by these acts are sometimes referred to as *causes* of action, they really confer no more than rights to recover damages growing out of a single cause of action, namely, the negligence of the defendant which caused the damages suffered. The phrase "cause of action" is not susceptible of any single definition to be applied in all types of cases. In *Rooney v. Maczko,* 315 Pa. 113, 117, 172 A.

151, this Court quoted with approval that portion of the opinion in *U. S. v. Memphis Cotton Oil Co.*, 288 U. S. 62, 67, 53 S. Ct. 278, where Mr. Justice CARDOZO said: "A 'cause of action' may mean one thing for one purpose and something different for another. . . . . . . At times and in certain contexts, it is identified with the infringement of a right or the violation of a duty. At other times and in other contexts, it is a concept of the law of remedies, the identity of the cause being then dependent on that of the form of action or the writ. Another aspect reveals it as something separate from writs and remedies, the group of operative facts out of which a grievance has developed."

In *Fields v. Philadelphia Rapid Transit Co.*, 273 Pa. 282, 117 A. 59, where an action was brought and plaintiff recovered a judgment for damages to his property due to the negligent act of another, it was held that a second suit could not be brought for personal injuries to the plaintiff sustained by the same negligent act of the defendant. This Court said at page 285: "It, therefore, becomes necessary to determine what constitutes the cause of action in Pennsylvania. Is it the violation of the duty which the defendant owes to exercise due care, or the damage which flows from the wrong? This court has defined it to be (Martin v. Pittsburgh Rys. Co., 227 Pa. 18), 'the negligent act or acts which occasioned the injury.' It 'is that which produces or effects the results complained of': Noonan v. Pardee, 200 Pa. 474, 482. And these declarations are in accord with the reasoning of the earlier authorities: Owen v. Western Saving Fund, 97 Pa. 47; Moore v. Juvenal, 92 Pa. 484. The exact point here in question does not seem to have been discussed in any of our decided cases, but the controlling principle has been fixed, as stated. . . . *If the cause of action is the wrongful act, and we so hold, then all of the damages sustained thereby, whether to person or property, are*

*properly sought in one suit. A plaintiff is bound by his former recovery for a part, and cannot maintain a second action for an item which he saw fit to omit, . . .".* (Emphasis supplied) The principle of the *Fields* case was adopted recently in *Simodejka v. Williams,* 360 Pa. 332, 62 A. 2d 17.

Following the accident, there accrued to plaintiff in his individual capacity the right to recover for the damage done to his automobile, and, as the only person entitled under the Wrongful Death Act, the right to recover damages for the deaths of both his wife and son. These personal rights or claims having arisen out of a single cause of action, namely, the negligent act of the defendant, plaintiff should have asserted all of them in his first action. Not having chosen so to do, any omitted claim became merged in the judgment: *Fields v. Philadelphia Rapid Transit Co.,* supra. *Simodejka v. Williams,* supra.

However, the claim of the plaintiff as administrator of his minor son's estate has never been adjudicated. Under the Survival Act the damages recoverable are measured by the pecuniary loss suffered by the deceased and, therefore, by his estate. This right of action arising out of the negligent act of the defendant did not accrue to plaintiff individually but in his representative capacity. The defendant urges that since the plaintiff is the only person entitled to his son's estate, he is privy to himself as administrator and, therefore, the first action should be conclusive as *res judicata.* We have given careful consideration to this contention by the defendant and the authorities cited by him in support thereof but conclude that plaintiff was not estopped or barred from maintaining the statutory right of action given to him as administrator under the Survival Act.

Decree affirmed.