## Festa v. Shuman Bros., Inc., et al.

*Frank J. Marolla,* for plaintiff.

*E. H. Feldman,* for defendant, Shuman Bros., Inc.

OLIVER, P. J., October 7, 1953.—This case comes before us on defendant's petition to file an amended answer so that he may add "new matter", alleging the running of the statute of limitations.

Plaintiff issued a summons in trespass against defendants Shuman Bros., Inc., and Harry A. Christopher on December 11, 1952. Service was made December 12, 1952, and counsel for defendant entered his appearance December 18, 1952. On January 20, 1953, a complaint was filed and properly served, sounding in false arrest and malicious prosecution. Counsel agreed to an extension, and on April 1, 1953, an answer was filed and served. On June 24, 1953, defendant's attorney requested consent of plaintiff's counsel to file an amended answer to include "new

matter" alleging the running of the statute of limitations. On July 7, 1953, plaintiff refused to consent. This petition for leave to amend was filed July 14, 1953.

Rule 1033 of the Pennsylvania Rules of Civil Procedure provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

Rule 1030, Affirmative Defenses, provides in part:

"The defenses of . . . statute of limitations . . . shall be pleaded in a responsive pleading under the heading 'New Matter'. Any other affirmative defense may be similarly pleaded."

Rule 1032 provides that, subject to certain exceptions:

"A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply."

And Rule 1045(c), Appearance, Answer, provides: "The affirmative defenses enumerated in Rule 1030 must be pleaded."

Defendant relies strongly on rule 1033, and contends the procedural rules are to be liberally construed.

With this proposition we agree. See Fisher v. Hill, 368 Pa. 53 (1951); Dunhour v. Factor, 76 D. & C. 282 (1951). However, plaintiff contends that rules 1030, 1032 and 1045(c) specifically cover the situation at hand, and that, by failing to aver the defense of statute of limitations under "New Matter" in his answer, defendant waived this defense.

The question here, then, is the effect, if any, of rules 1030, 1032 and 1045, pertaining to affirmative defenses, on rule 1033, which relates to amendments of the pleadings.

Plaintiff's position seems to be that if an answer is filed which fails to allege these affirmative defenses, then no amendment of the pleadings should be permitted, because that defense has been forever waived or barred. With this proposition we cannot agree.

The procedural rules are not ends in themselves. They must be read in the light of practical experience in dealing with problems of pleading, formation of issues, and disposition of judicial matters apart from the substantive aspects of the law. In order to expedite the administration of justice, it was deemed necessary to provide broad rights to amend pleadings in order to eliminate the common-law practice of winning or losing a case on the basis of technical pleading requirements, without regard to the substantive rights of the parties.

It is also true, on the other hand, that some rules are necessary to clarify and make reasonably certain and expeditious the method of prosecuting a cause of action to final judgment. To this end, the rules provide that certain defenses must be pleaded in a certain manner. Rules 1030 and 1045 serve to illustrate this proposition. We must inquire here, then, whether the above purpose of rules 1030, 1032 and 1045 requires that defendant be refused the right to amend his answer. Under the circumstances of this case, we do not think the ends of justice will be promoted by refusing this right to defendant.

The defense of statute of limitations is, essentially, one of confession and avoidance: Janco v. Hancock Mutual Life Insurance Co., 160 Pa. Superior Ct. 230 (1947). It is easy to understand, then, the reason behind the requirements of rules 1030, 1032 and 1045.

Since the defense of statute of limitations does not go to the merits of the case, one of the main objectives of the rules is to compel the party asserting that defense to raise it well in advance of trial, so that the opposition will not be obliged to expend unnecessary effort in preparation for trial upon the substantive issues.

In Martin v. Wilson, 371 Pa. 529 (1952), rules 1030 and 1032 were construed by the court as to the affirmative defense of statute of frauds. The court there said, at page 534:

". . . the plaintiff is entitled, therefore, to be informed, before proceeding to the expense and burden of . . . a fruitless trial, whether defendant intends, upon plaintiff's proof of an oral contract, to claim the protection of the Statute of Frauds or to waive that defense."

The results reached by the courts in all the cases cited by plaintiff in his brief support this rationale. In Martin v. Wilson, supra, where request to amend the answer was denied, the defense of statute of frauds was not raised until the time of the trial. In Margolis v. Miller, 170 Pa. Superior Ct. 148 (1951) and in Delvitto v. Schiavo et ux., 164 Pa. Superior Ct. 338 (1949), where the same result was reached, the affirmative defenses were raised on appeal only. Plaintiff's strongest case, Echon, Admx., v. Pennsylvania Railroad Company, 365 Pa. 529 (1950), is also distinguishable from the case at bar, in that there the defense of statute of limitations was not raised until 19 months after the service of the complaint, and only one week before trial. The situation in Echon, Admx., v. Pennsylvania Railroad Company, supra, was exactly what was intended to be remedied by rules 1030, 1032 and 1045; that is, such a defense is to be asserted during the pleading stage, if at all, and not on the eve of trial.

Again, in Martin v. Wilson, supra, Chief Justice Stern, in discussing rule 1030, stated at page 533:

". . . The provision of Rule 1030 is mandatory, and failure to plead any of the defenses therein enumerated renders the defense unavailable at the trial of the issue." (Citing Echon v. Pennsylvania R. R., supra; Margolis v. Miller, supra, and American Arabian Oil Company v. Kirby & Kirby, Inc., 171 Pa. Superior Ct. 23 (1952)).

It is significant to note the choice of the court's language: ". . . at the trial of the issue." No indication is given, nor can any inference logically be drawn from the opinion, that a lower court is not free to permit a party to amend at the pleading stage, or shortly thereafter. Again, the court is merely affirming the rationale behind the rules, that it would be inequitable to permit an amended answer raising an affirmative defense at the time of trial, or immediately prior thereto. Rule 1032 means only that these affirmative defenses are waived at trial if not properly raised in the pleadings, not that amendments to the pleadings are forbidden.

Since plaintiff in this case had notice within less than 90 days after the answer was filed that defendant intended to assert this defense if permitted, and since the case is not yet even listed for trial, we conclude that defendant acted within a reasonable time in requesting leave to file his amended answer, well in advance of trial and without prejudice to plaintiff.

Accordingly, the prayer of defendant's petition for leave to file an amended answer, alleging the defense of statute of limitations, is hereby granted.

*Order*

And now, October 7, 1953, defendant's petition for leave to amend answer is granted.