## Continental Transportation Lines, Inc., v. Leonard Bros.

*Claster & Claster*, for plaintiff.

*A. N. Pershing, Jr.*, for defendant.

*Smith, Best & Horn*, for additional defendant.

BAUER, J., January 30, 1956.—This case came on for argument before the court en banc on a rule to show cause as to the jurisdiction of this court.

The record shows as follows:

At no. 272, November term, 1953, Continental Transportation Lines, Inc., brought an action in trespass against Leonard Bros. Motor Express Service, Inc.

In paragraph 4 plaintiff alleged that on February 3, 1953, an employe of plaintiff was operating a tractor-trailer on the Pennsylvania Turnpike in a westerly direction at or near New Cumberland, Westmoreland County, and in paragraph 5, at this time and place defendant was operating a tractor in an easterly direction which, for the reason therein alleged, col-

lided with the vehicle of plaintiff causing the damages for the recovery of which the suit was brought.

In June of 1954, Leonard Bros. Motor Express Service, Inc., filed its complaint against Connecticut Motor Lines, Inc., referring to this suit already brought against it in which plaintiff sought to recover damages which it had incurred "as a result of a collision which occurred on or about February 3, 1953, on the Pennsylvania Turnpike at or near New Cumberland, Westmoreland County, Pennsylvania". Leonard Bros. Motor Express Service, Inc., further alleged that it was engaged at the time in hauling a trailer truck owned, cared for and maintained by Connecticut Motor Lines, Inc., of the State of Connecticut. Leonard Bros. Motor Express Service, Inc., further alleged that Connecticut Motor Lines, Inc., was alone liable and by writ of scire facias Connecticut Motor Lines, Inc., had been joined as an additional defendant. Relying on the accuracy of the allegations that the accident had happened in Westmoreland County, Smith, Best & Horn entered a general appearance for added defendant, service having been made on it in the County of Philadelphia where it maintained its office in Pennsylvania. It is well to note that no servant of defendant was present at the time the accident occurred. The trailer was in the exclusive control of Leonard Bros. Motor Express Service, Inc. Property damages were claimed in a sum in excess of $2,500.

The case appeared in the list of cases for trial at the May term. Trial was continued for cause; it was the last case listed for May 6, 1955, could not be reached and was continued generally. At that time counsel for added defendant making the best inquiry possible, was led to believe that the accident happened in Franklin County, not in Westmoreland County. Information as to where the accident happened was in the exclusive control of original plaintiff and de-

fendant in the suit. Believing that if the accident did not happen in Westmoreland County the courts of this county were without jurisdiction of the person of added defendant, a petition was presented by counsel for added defendant and a rule was granted on the original parties to show cause, if any, they had:

1. Why testimony should not be taken to determine whether or not the accident about which complaint is made in the complaint, as heretofore filed, occurred in Westmoreland County or elsewhere;

2. In the event that it should be determined that said accident did not occur in Westmoreland County, further to show cause, if any they have, why Connecticut Motor Lines, Inc., should not be permitted to raise the question of the jurisdiction of this court and the propriety of the service of process on it.

Original plaintiff filed no answer to the rule. Leonard Bros. Motor Express Service, Inc., original defendant, on June 6, 1955, filed its motion to dismiss the rule alleging as a reason that a general appearance had been entered for additional defendant on July 16, 1954, and that more time, than 20 days, has elapsed since the service of the complaint of additional defendant. The case then was added to the argument list this day, September 19, 1955, heard.

At the time of this argument before the court en banc it was admitted by counsel that the accident did not happen in Westmoreland County, Somerset County or Franklin County, but it actually happened in Bedford County. There was quite a bit of confusion for sometime just where this accident did happen. It has now been determined and agreed the accident did happen in Bedford County.

We feel under these circumstances that no attorney should be penalized for an error that is alleged in the pleadings of the other attorney. Where there is misrepresentation in a pleading the court should give aid

to the party who is hurt thereby. We cannot see that a general appearance in a case of this kind waives the question of jurisdiction. The delay in ascertaining just where the accident did happen should not penalize petitioner in this case: Fisher v. Hill, 368 Pa. 53.

And now, January 30, 1956, after argument and after due and careful consideration, it is ordered, adjudged and decreed that Leonard Bros. Motor Express Service, Inc., rule be and the same herewith is dismissed and the counsel for the added defendant is ordered and decreed to amend its appearance from that of general appearance to an appearance de bene esse; and file its preliminary objections raising the question of jurisdiction within 20 days from the date of this order.