## Ross v. Holt

*David E. Cohen* and *George W. Tanner, Jr.*, for plaintiffs.

*Caruthers & Caruthers* and *Thomas A. Waggoner, Jr.*, for defendants.

DUMBAULD, J., July 17, 1959.—A complaint in trespass, involving a motor vehicle collision, was filed on June 30, 1958, against defendants Robert S. Holt and Margaret B. Holt, alleged to be copartners, and defendant Robert D. Powell, alleged to be their agent, who in the scope of his employment was operating the truck tractor involved in the collision. Service on defendants was perfected on July 9, 1958. On July 28, 1958, Thomas A. Waggoner, Esq., together with an out of town firm, entered a general appearance for

defendants, doubtless in lieu of an answer, as permitted by Pa. R. C. P. 1045(a). The 20-day period for filing an answer expired on or about July 29, 1958. On August 1, 1958, the attorney for plaintiffs directed by praecipe that the case be placed on the issue docket, in accordance with local rule 351.

The case was placed on successive trial lists by praecipes dated August 1, 1958, November 7, 1958, and February 9, 1959, respectively.

On January 9, 1959, attorney Waggoner and his cocounsel obtained an order withdrawing their appearance on behalf of defendant Powell.

On January 21, 1959, the same counsel handed to plaintiff's attorney and filed with the prothonotary answers on behalf of the Holts. Announcement of this action was made while the court was sitting en banc, but no permission to file the answer was granted by the court, nor did plaintiff consent to the filing of these answers. Neither rule 1003 nor rule 1033 of Pa. R. C. P. was utilized to authorize the filing of these answers.

In the answers filed the Holts undertook to deny the existence of a partnership between themselves and the agency of defendant Powell. They alleged that it was Powell and Robert S. Holt who were partners, and that Mrs. Holt had no interest in the business, although title to the vehicle was in her name.

Pa. R. C. P. 1045(a) provides that:

"A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved."

This provision became operative for plaintiffs' benefit when defendants failed to file an answer within the time prescribed.

Accordingly plaintiffs filed on February 2, 1959, preliminary objections in the nature of a motion to strike the Holts' answers as "prejudicial to the plaintiffs" and in violation of rule 1045.

The Holts on February 7, 1959, filed preliminary objections to plaintiffs' preliminary objections, contending that the averment of prejudice was not sufficiently specific.

Pa. R. C. P. 126 provides that: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

It will be noted that "speedy" disposition of cases is one of the objectives of the rules. Ample opportunity for defendants to present all defenses which they consider necessary to the "just" determination of the case is afforded by the provisions of rule 1026 giving 20 days for filing an answer, as well as the liberal provisions of rule 1003 for obtaining an extension of the time for filing. After a case is at issue and repeatedly on the trial list, it is not timely for defendants to change their trial strategy by way of afterthought. The stage for filing pleadings is over when a case is at issue.

It would go far toward nullification of the effectiveness of rules 1026 and 1045, contrary to the intent of rule 128, if defendants at this late date were at liberty to change their election whether to file an answer or to enter a general appearance, with the effect prescribed by rule 1045.

It seems clear that defendants here simply made an inadvertent miscalculation in their trial tactics, and now seek to prejudice plaintiffs by depriving them of the benefits of the advantages derived by plaintiffs from defendants' voluntary choice of procedures.

We are in accord with the decision of our neighboring County of Westmoreland in Shula v. Warren, 39 Westmoreland 209 (1957). This case contains an excellent discussion of pertinent principles and precedents.

Delay in the administration of justice is not only an ancient evil condemned by Magna Carta and Hamlet's soliloquy in Shakespeare's play, but by current commentators today. The burden is on defendant to show a valid reason for delay when seeking to invoke the discretion of the court to permit the filing of a belated answer: Fisher v. Hill, 368 Pa. 53, 57-58 (1951). No such reason has been shown here.

Modern procedure, with its practical remedies, favors preparation of cases in advance of the trial date, rather than waiting until the case is called for trial before informing the opposite party of new issues to be met. When a case has been awaiting trial for a considerable time, it is undoubtedly prejudicial to the parties to attempt to reformulate the issues for decision at a time when, relying upon the issues as determined by the pleadings, the parties have prepared and preserved their proofs accordingly, and the witnesses who might have been available on issues properly regarded as eliminated from the case have probably become scattered, documentary records been dispersed or destroyed and adequate preparation been rendered difficult or impossible: Jeannette Glass Company v. Indemnity Insurance Company of North America, 370 Pa. 409, 413 (1952).

Narrowing of the issues before trial is one objective of current procedural reform, and rule 1045 is an effective means of furthering this objective. It should not be ignored, where no cogent grounds appear for doing so. None have been shown here. The answers should be stricken.

## Order

And now, July 17, 1959, upon consideration of the foregoing case, it is ordered that the answers heretofore filed on January 21, 1959, on behalf of defendants Robert S. Holt and Margaret D. Holt be, and the same hereby are, stricken from the record.