## Cook v. Stevenson

Before Carson, P. J., Cummins and Weiner, JJ.

*Bloom, Bloom and Yard,* for plaintiff.

*Charles G. Sweet* and *H. Gilmore Schmidt,* for defendant.

CARSON, P. J., November 9, 1960.—Plaintiff filed a complaint November 25, 1959, and counsel for defendant entered an appearance December 11, 1959. The case appeared on the trial list for the first time in May 1960, and it was not reached for trial. It appeared the second time on the September term 1960; again it was not reached. Defendants' counsel has asked permission to file an answer denying

agency. Plaintiff objected, complaining that under the rules of civil procedure the motion to file comes too late. late.

In the case of Fisher v. Hill, 368 Pa. 53 (1951) the Supreme Court held that:

"A pleading may be filed after the twenty day period prescribed in Pennsylvania Rules of Civil Procedure Nos. 1026 and 1361, if the opposite party is not prejudiced and justice requires it."

In the Fisher case, as here, the case had already been on the trial list before the answer was filed.

In the case of Cleary v. Columbia County Agricultural, Horticultural and Mechanical Association, 70 D. & C. 476 (1950), President Judge Kreisher, in disposing of a motion to strike off an answer in the case closely analogous to the instant case, in that it had been on two previous trial lists, permitted defendant's answer to stand. The court concluded that plaintiff was not prejudiced by permitting defendant's answer to stand, although defendant's counsel admitted frankly that counsel was to blame for the delay.

The instant case is a much stronger case in that defendants' counsel avers the delay was due to negotiations for settlement. This court has established its policy in the case of Danielson v. Johnson, 275 February term, 1959, A. D., wherein this court held that defendant should be permitted to answer:

"It is the opinion of this court that the case of Fisher v. Hill, [368 Pa. 53] and the comments quoted from Goodrich-Amram are a correct and just interpretation of Procedural Rules 126, 1026, and 1003. The court in brief feels that any pleading may be filed after the twenty day statutory limit as long as the opposite party cannot show any resulting prejudice or injustice. To avoid doing prejudice or injustice, where no consent thereto is given, the court is of the

opinion that the proper procedure in such cases is to petition the court for leave to file any late pleading, with notice to opposing counsel."

This court earlier in the case of Lawther v. Transformer Company, 356 February term, 1957, A. D., held that defendant had properly been permitted to offer ". . . in evidence in the trial of the case, an answer." . . . "Where such an answer has been filed prior to the trial of the case, the matter clearly comes within the principle recognized in Goodrich-Amram Standard Pennsylvania Practice, Section 1045 (c)-1, page 293, that an answer can be filed at any time and without leave of court, even after the 20 day period has expired, if the plaintiff has not yet taken judgment against the defendant for default and has not been prejudiced in any way. The trial judge determined that there was no prejudice and in this we concur."

The only prejudice or disadvantage which plaintiff in this case would suffer by permitting the answer of defendants to be filed would be the losing of the advantage which he would obtain by denying defendants the right to answer.

The court will grant its indulgence to a party litigant in the interest of justice and permit the mistake to be corrected on the theory that a litigant should not suffer an injustice by reason of his counsel's inadvertence, particularly where defendants' counsel had reason to believe that negotiations for settlement were pending, and that the case might be thus disposed of.

Wherefore, the following order:

### Order

And now, November 9, 1960, defendants' motion for permission to file their answer is granted, without prejudice to the right of plaintiff to introduce testimony on the issue of agency.