## Commonwealth v. Atlantic & Gulf Coast Stevedores, Inc.

*Goff & Rubin,* for Commonwealth.
*F. G. Marshall* and *R. J. Raab,* for defendant.

GOLD, P. J., April 13, 1966.—This proceeding arises from plaintiff's appeal from this court's order dismissing plaintiff's preliminary objections to defendant's amended answer to scire facias sur State tax lien.

On May 3, 1965, plaintiff, Commonwealth of Pennsylvania, Department of Revenue, filed a lien for corporate income, capital stock and loan taxes which had theretofore been settled against defendant. Defendant filed its answer and then amended answer to the State tax lien on July 28, 1965. The case was deemed at issue and placed on the trial list.

On December 16, 1965, plaintiff filed preliminary objections to defendant's amended answer.

The said preliminary objections were filed some four and one half months after the filing of defendant's amended answer. Rule 1026 of the Pennsylvania Rules of Civil Procedure states that:

"Every pleading subsequent to the complaint shall be filed within 20 days after service of the preceding pleading. . . ."

As to the applicability of the rule, much is left to the discretion of the court: Fisher v. Hill, 368 Pa. 53 (1951). In Commercial Credit Corp. v. Maugifest, 41 Westmoreland 69 (1958), preliminary objections filed one year and two months after the complaint were overruled as not complying with rule 1026. The court held the preliminary objections were not properly before the court and should not be considered as part of the pleading. See also Gelzhiser v. Fisher, 43 Westmoreland 219 (1960).

In the instant case, there has been a lapse of approximately four and one-half months from the filing of the amended answer to the filing of the preliminary objections.

The preliminary objections go to critical issues in the case; namely, that since defendant did not follow the

prescribed method of statutory review, exclusive jurisdiction and venue were in the Court of Common Pleas of Dauphin County and that even if this court had jurisdiction, defendant failed to state a cause of action. To allow the preliminary objections to become part of the pleadings and to consider them on the merits at this late date could result in the dismissal of defendant's case.

This court is not unmindful of what was said in Fisher, supra:

" 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which *does not affect the substantial rights of the parties*' ": Pages 56-7. (Italics supplied).

Needless to say, preliminary objections in the nature of a demurrer which go to jurisdiction and venue, if sustained, will substantially affect the rights of defendant.

Plaintiff is not prejudiced by the dismissal of the preliminary objections without a determination on the merits. Rule 1034 of the Pennsylvania Rules of Civil Procedure provides:

"(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for a judgment on the pleadings".

A motion for judgment on the pleadings would certainly provide plaintiff with an expeditious means for a determination of the issues raised by the pleadings.

Accordingly, plaintiff's preliminary objections to defendant's amended answer to scire facias sur State tax lien are dismissed.