**Henrietta GULAK and Nathan Gulak**

v.

**Francis YU.**

**Civ. A. No. 38815.**

United States District Court
E. D. Pennsylvania.

Feb. 10, 1969.

Bernard M. Gross, Gross & Sklar, Philadelphia, Pa., for plaintiffs.

Edward C. German, LaBrum & Doak, Philadelphia, Pa., for defendant.

## OPINION

MASTERSON, District Judge.

Defendant has moved that this Court amend its Memorandum and Order of

December 31, 1968 [1] to state that the case involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Title 28 U.S.C. § 1292(b). For reasons discussed hereafter, this motion is denied.

The Court has utilized the opportunity presented by this motion to re-study its earlier decision. Upon re-examination, it has concluded that, though the result reached in the prior Memorandum and Order was correct, the summary remarks therein warrant amplification for the dual purpose of providing guidance as to the legal issues involved, and explaining further the Court's reasoning in denying the defendant's earlier motion.

1. The full text of the unpublished Memorandum and Order which denied defendant's motion for Summary Judgment is as follows:

"This is a motion for Summary Judgment on the ground that a previous action in the County Court of Philadelphia is *res judicata* as to this suit in federal court.

The court has thoroughly examined the County Court decision and has determined that none of the claims presently advanced in this suit were considered by that court. Counsel for the defendant agreed at the pre-trial conference that no claim concerning the injury which is the subject of this suit was presented to the County Court, and no evidence was introduced relating to the nature and extent of the serious personal injury of which complaint is here made. The court has therefore concluded that defendant's motion should be DENIED.

None of the Pennsylvania cases upon which the defendant has relied requires that defendant's motion be granted. These cases stand for the proposition that only one cause of action arises when an individual simultaneously suffers injury to his person and his property, caused by a single tortious act. Spinelli v. Maxwell, 430 Pa. 53 [478, 243 A.2d 425] (1968); Fisher v. Hill, 368 Pa. 53 [81 A.2d

## I. SUMMARY OF FACTS

The facts with which this suit and the motions under consideration deal are as follows: An automobile allegedly driven in a negligent fashion by the defendant, Francis Yu, collided with one driven by Mrs. Gulak on June 5, 1964.[2] Gary and Dena Gulak, plaintiffs' minor children, were passengers in the Gulak vehicle when this incident occurred and they sustained slight injuries, for the treatment of which, Mr. and Mrs. Gulak paid $50.00. Mrs. Gulak sustained injuries sufficiently severe to require orthopedic surgery.

On September 2, 1965, this suit was filed in the United States District Court with jurisdiction based on diversity of citizenship. Title 28 U.S.C. § 1332(a) [3] In this action Mr. and Mrs. Gulak seek compensation for their losses as a result of Mrs. Gulak's injury.

860] (1951); Fields v. Philadelphia Rapid Transit Co., 273 Pa. 282 [117 A. 59] (1922); Saber v. Supplee-Wills-Jones Milk Co., 181 Pa.Super. 167 [124 A.2d 620] (1956). All of these cases are significantly distinguishable from this case because none of them involved, as does this case, the occurrence of a single act which caused injury to more than one person. To hold that the rule against splitting causes of action applies to this type case would require its extension beyond its presently accepted scope. See, Restatement, Judgments, § 62, Comment b (1942).

For reasons discussed above, it is hereby ORDERED that defendant's motion for Summary Judgment in the above-captioned case is DENIED.

/s/ Thomas A. Masterson"

2. According to the complaint, Mrs. Gulak's automobile was faced in a southerly direction on the Roosevelt Boulevard near the intersection of Ninth Street in Philadelphia, when a car driven by the defendant struck the rear of her car.

3. Plaintiffs, Nathan and Henrietta Gulak, are citizens of Pennsylvania. Defendant, Francis Yu, is a citizen of Michigan. The Complaint demands a judgment of $250,000.00 for Mrs. Gulak and $50,000.00 for her husband.

A second suit was filed in the County Court of Philadelphia.[4] Recovery was there sought for the injuries to the minor children and the parents' resulting expense for their children's medical treatment. On December 6, 1966, an Arbitration Panel awarded $100.00 for the physical injury of each child, and awarded the parents $50.00 for the children's medical treatment.[5] This judgment was subsequently marked Satisfied.

As was noted in the Memorandum and Order, counsel for the defendant agreed during the Pre-trial Conference that no claim regarding Mrs. Gulak's injuries was presented to the County Court Arbitration Panel, nor was any evidence introduced regarding the nature and extent of her injury.

## II. APPLICABILITY OF THE RULE AGAINST SPLITTING CAUSES OF ACTION AND THE DOCTRINE OF RES JUDICATA

The defendant argues that he is entitled to Summary Judgment because the rule against splitting causes of action precludes Mr. and Mrs. Gulak's claim for her injury after she and her husband had sued in the County Court and had recovered in their own right in the County Court what they had spent on their children's medical treatment. It is contended that this constituted a receipt of part of their damages from a single negligent act, and that therefore all further claims

regarding Mrs. Gulak's injury have been merged in the judgment of the County Court.

In support of this view, the defendant cites Pennsylvania cases determining whether one, or several, separate causes of action arose under a given set of facts, for the purpose of applying the rule against splitting causes. Fields v. Philadelphia Rapid Transit Co., 273 Pa. 282, 117 A. 59 (1922); Simodejka v. Williams, 360 Pa. 332, 62 A.2d 17 (1948); Fisher v. Hill, 368 Pa. 53, 81 A.2d 860 (1951); Spinelli v. Maxwell, 430 Pa. 478, 243 A.2d 425 (1968).

We have concluded that these cases are not dispositive for several reasons.

First, we deal with a factual setting in which the claims have been confused because of the family ties among the persons injured. So far, as Mr. and Mrs. Gulak were concerned, the claims for the children's medical expenses, which are the focus of the controversy, were derivative in nature. They did not arise out of any direct relationship between the parents and the alleged tortfeasor, but from the family relationship which caused the parents to provide, and pay for, their children's medical treatment in fulfillment of their parental duties.[6] Under these circumstances we are well beyond the question to which the Pennsylvania cases relate, namely, how many causes of action arose as a result

---

4. This suit was instituted on behalf of Gary and Dena Gulak, minors, by their parents and natural guardians, Nathan and Henrietta Gulak, and Nathan and Henrietta Gulak in their own right. County Court of Philadelphia, March Term, 1966, No. 10893–C.

5. The award read as follows:
   "Find for the minor plaintiff, GARY H. GULAK, in the sum of $100.00; find for the minor plaintiff, DENA P. GULAK in the sum of $100.00; find for NATHAN GULAK and HENRIETTA GULAK, in the sum of $50.00 in their own right."

6. This may be contrasted with the claim presented in Fisher v. Hill, 368 Pa. 53, 81 A.2d 860 (1951), where the plaintiff

sued to recover for the wrongful death of his son and was barred because he had earlier recovered for the wrongful death of his wife, killed in the same motor vehicle collision. The Pennsylvania Wrongful Death Act, 12 P.S. §§ 1601–1604 confers a right of action on certain enumerated relatives of a deceased, to recover the pecuniary loss occasioned to them through the deprivation of the part of the deceased's earnings which they would have received from him had he lived. It thus sets up a direct relationship between the tortfeasor and the beneficiaries of the act. The Pennsylvania Supreme Court held that an individual, who was the beneficiary of two persons dying in the same accident must assert both of his claims in one action.

of a defendant's negligent act. Where two or more persons sustain physical injuries by the same wrongful act, separate and distinct causes of action accrue, on which separate suits may be brought.

■■ Secondly, in none of the Pennsylvania cases, upon which the defendant chiefly relies, was it necessary to consider the inter-relationship between courts in the separate federal and state judicial structures. Whenever this Court decides cases in which jurisdiction is based on diversity of citizenship, there is a duty to accommodate interests of federal and state policy in light of the facts and legal issues presented by the individual case. In the instant case, separate suits were filed in the federal and state courts because the claims of the children were not in excess of $10,000.00 as required by the relevant federal jurisdictional statute. Title 28 U.S.C. § 1332 (a). Mr. and Mrs. Gulak exercised the option secured by Article III of the United States Constitution, as implemented by Congress in § 1332(a), to have a federal determination of their claims meeting the minimum jurisdictional amount requirement. It is clear that the choice of pursuing the claims stemming from the defendant's single act in more than one lawsuit was one which was open to the Gulak family.

■ The dispute now before the Court is no more than an argument over which of two possible occasions was more appropriate for asserting the derivative claims. The motion for Summary Judgment attacks the propriety of the parents recovering the amount spent on the children's medical care in the suit which decided liability for the underlying injury. The defense position is that the parents should have waited the several years it has taken this suit to proceed to trial to recover the $50.00 spent on medical care, and that the penalty imposed for failure to so delay is a preclusion of the more substantial claims based on Mrs. Gulak's injury. We reject this position as legally incorrect, and serving no rational purpose in this case. Plain-

tiffs' counsel, by appending the derivative claim for medical expenses to the claims for the children's injuries, which were the source of the parental claim, has attempted to give effect to the Commonwealth's policy that derivative claims ought to be asserted in the same action as the underlying injury. This policy is stated in 12 P.S.App.R.C.P. 2228(b) which provides in pertinent part:

"If an injury, not resulting in death, is inflicted upon the person of a minor, and causes of action therefor accrue to the minor and also to the parent or parents of the minor, they shall be enforced in one action brought by the parent or parents and the child."

While we are not bound by Pennsylvania procedural rules, we look to this as a manifestation of the Commonwealth's policy, and conclude it would be highly inappropriate for this Court to penalize the plaintiffs, by granting the motion for Summary Judgment, because their counsel was solicitous of this state policy in bringing the County Court suit.

■ The Court is also persuaded that an application of the doctrine of *res judicata* in this case would not serve any of the functions it is intended to further. These are said to be: (1) the provision of stability in judicial determinations through recognition that there must be an end of litigation and a time when the rights and duties of the parties are reliably determined; (2) the protection of parties from unnecessary expense and disruption of private affairs; (3) the economization of judicial resources, and (4) the prevention of double recovery. See, Cleary, Res Judicata Reexamined, 57 Yale L.J. 339, 344 (1948); Vestal, Preclusion/Res Judicata Variables: Adjudicating Bodies, 54 Geo.L.J. 857, 858 (1966).

None of these ends will be frustrated by allowing the Federal Court suit dealing with Mrs. Gulak's injuries to proceed. Judgment here will not affect the award of the County Court Arbitration Panel: no increase is sought by plaintiffs in the amount paid because of the children's injuries, nor will the defendant have any

opportunity to attack the completed recovery.

In fact, the only policy considerations upon which the defendant may colorably rely, are the increased expense of having to participate in litigation dealing with a single factual occurrence on two occasions, and the extra burdens placed on the judicial process because all the claims were not decided in one action. Neither of these are persuasive with regard to the present case. As was noted previously, the fact that the Gulak family, as a whole, was able to assert its claims in two different actions, is a by-product of the dual system of state and federal courts, with the latter's jurisdiction confined to specific types of cases.[7]

It would seem a more rational and efficient utilization of judicial resources if all the claims arising out of the collision involved in this suit were to be tried in a single action. But the value intended to be preserved by our federal system, the dispersion of authority and function throughout separate governmental structures, contemplates the toleration of some inefficiencies.

In the instant case, whatever slight infringement there may have been upon the general policy of alleviating congestion of the judicial process was more than compensated for by the opportunity provided the parties by the Commonwealth of Pennsylvania to have all the small claims involving the injuries to the children quickly disposed of in a summary proceeding before an Arbitration Board well versed in dealing with such small claims. There is also a related benefit in that the instant lawsuit will be simplified by the elimination of any need to consider the children's injuries.

No allegation can properly be made that defendant has in any way been harassed in the preparation of either of the suits because the claims for the children's medical treatment were made in the County Court rather than this Court. Nor has it been refuted that the defendant knew from the outset the subject matter involved in each action and at no time questioned the parents making their derivative claims in the County Court.

## III. THE MOTION TO CERTIFY THE INTERLOCUTORY ORDER FOR IMMEDIATE APPEAL

For the reasons discussed in Part II, we have concluded that the denial of defendant's motion for Summary Judgment does not present a question of law as to which there is substantial ground for difference of opinion. Secondly, the Court does not believe that an appeal at the present time will materially advance the ultimate termination of the litigation. In reaching this conclusion account has been taken of the nature of this case, including the factual issues involved, our estimate of the amount of trial time involved, and the fact that after decision is entered on the instant motion a trial on the merits will quickly be forthcoming. Accordingly, the defendant's motion that

---

7. Whether or not all of the family's claims could have been asserted in a single federal action is not a matter to be determined here. It is sufficient to note that there have been different views expressed, even within this District, as to the extent fulfillment of the diversity requirements in regard to one claim, enables this court to decide a related claim arising out of a single factual occurrence, under the doctrine of pendent jurisdiction. Compare, Newman v. Freeman, 262 F.Supp. 106 (E.D.Pa.1966) (per Davis, J.) with Olivieri v. Adams, 280 F.Supp. 428 (E.D.Pa.1968) (per Luongo, J.). We are particularly mindful, with regard to the instant case, of the Third Circuit dictum in Jacobson v. Atlantic City Hospital, 392 F.2d 149 at 154 (3rd Cir. 1968), indicating that our power to couple a claim, not meeting the requirements for diversity jurisdiction, with a related claim concerning which they have been fulfilled, may be limited to claims arising out of a single injury sustained by a particular person. In any case it is by no means certain that Mr. and Mrs. Gulak could have utilized their right to a federal determination of their claim without the necessity of bringing a separate action in the state courts, in order to recover the full damages which the family unit suffered.

this court amend its Memorandum and Order of December 31, 1968 to provide for immediate appeal from an interlocutory order in accordance with Title 28 U.S.C. § 1292(b) is hereby denied.

### ORDER

And now, this 10th day of February, 1969, it is ordered that the motion of defendant in the above-captioned case that the Memorandum and Order of December 31, 1968 be amended to state that the case involves a controlling issue of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation, Title 28 U.S.C. § 1292(b) is denied.