## Amsbaugh v. Linebaugh

*Lewis H. Markowitz,* for plaintiff.
*William W. Hafer,* for defendant.
*Stuart M. Neely,* for additional defendant.

BUCKINGHAM, J., January 4, 1971.—The only question in this case is whether the additional defendant, one year after defendant's complaint against it was served, may file an answer and new matter thereto raising as a defense to the joinder that the statute of limitations has barred defendant's right to join the additional defendant on the ground of sole liability to plaintiffs. Since the late filing of the additional defendant's answer and new matter was without leave of court and without any explanation as to the reason for the delay, we have no alternative but to hold that it was improper and must be stricken.

The pertinent facts are these. On January 30, 1966, one of the plaintiffs, Glenn A. Amsbaugh, who was a minor at the time, was injured while a passenger in the automobile of defendant which collided with a truck stopped on the highway. Plaintiffs sued defendant for the injury and damages. On May 22, 1969, defendant filed his complaint against the additional defendant, alleging that the truck was owned by the additional defendant and was improperly abandoned on the highway by its agent and, therefore, the additional defendant is solely liable to plaintiffs, but if defendant is jointly or individually liable to plaintiffs, then the additional defendant is jointly or severally liable with defendant or liable over to defendant on plaintiffs' cause of action. Defendant's complaint was endorsed with a proper notice to plead within 20 days of its service and service thereof was had on the additional defendant on May 23, 1969.

Written interrogatories and answers thereto were then filed by all of the parties. A pretrial conference was held on June 1, 1970 where, for the first time, the additional defendant raised the question of whether it had filed an answer and new matter to defendant's

complaint and, if not, whether it could be filed nunc pro tunc. The pretrial order of the court, dated June 3, 1970, and filed a day later, made it one of the issues in the case as to whether the answer and new matter had been filed and if not, whether it could be filed nunc pro tunc. On June 4, 1970, the additional defendant, without notice and without leave of court, filed its answer and new matter to defendant's complaint raising the bar of the statute of limitations. Defendant filed preliminary objections requesting the court to strike the answer and new matter on the ground that the additional defendant waived its right to the defense of statute of limitations by failing to raise it in an answer and new matter within the time limit of 20 days and to permit its filing at this late date would be prejudicial to defendant. The additional defendant filed preliminary objections to defendant's preliminary objections, requesting that they be stricken on the grounds that they averred facts not of record (the prejudice to defendant) without a verification and that the additional defendant's answer and new matter raising the statute of limitations is not subject to the 20-day rule.

We are aware that the provisions of Pennsylvania Rule of Civil Procedure 1026 are not mandatory and that a pleading may be filed after the 20-day period prescribed therein if the opposite party is not prejudiced and justice requires it: Fisher v. Hill 368 Pa. 53 (1951); Markert v. Boulding, 18 Bucks 419 (1968). However, it seems apparent to us that if we were to now expose defendant to the statute of limitations, which, if applicable, would bar defendant from the opportunity of proving to the jury that the additional defendant is *solely* liable to plaintiffs, the resulting prejudice to defendant is plain enough to take

the case out of the rule of Fisher v. Hill, supra and obviates the need for a verfication of defendant's preliminary objections.

Secondly, the cases which the additional defendant uses to support its theory that the defense of statute of limitations need not be raised within the 20-day period after service are not on point. For instance, it cites Kitchen v. Grampian Borough, 421 Pa. 464 (1966); Carlin v. Pennsylvania Power and Light Company, et al., 363 Pa. 543 (1950); Zachrel, Admx. v. Universal Oil Products Company, et al., 355 Pa. 324 (1946); Holtby v. Mason, 41 D. & C. 2d 143 (Chester County, 1966), and Agatone v. D'Antonio, 31 D. & C. 2d 138 (Delaware County, 1963) which hold that (1) where the statute of limitations bars a suit directly against an alleged tortfeasor, he may not be joined as an additional defendant in an action for the tort on an allegation that he is *alone* liable, and (2) where the complaint shows on its face that the additional defendant cannot be *solely* liable to plaintiff and that the statute of limitations on plaintiff's claim has run as to the additional defendant, then the defense of statute of limitations may be raised by additional defendant either by preliminary objections or by answer and new matter to defendant's complaint. These cases set forth the correct law but are no help to the additional defendant here for in each of them, the preliminary objection or the answer and new matter raising the defense of statute of limitation was *timely* filed.

The additional defendant has cited no case and we have found none which supports its novel proposition that simply because an additional defendant under some circumstances may raise the statute of limitations by preliminary objection instead of by answer and new matter, the additional defendant is thereby

excused from filing either of the pleadings within the 20-day period required by Pa. R.C.P. 1026. Additional defendant is asking us to emasculate this rule without any precedent or justification. We are of the opinion that the additional defendant, by failing to file any pleadings to defendant's complaint and by its failure to secure or attempt to secure leave of court upon proper cause shown to file its answer and new matter, has waived its right to raise the issue of the statute of limitations. Pa. R.C.P. 1030 indicates that the affirmative defense of statute of limitations may be raised by preliminary objection and, if it is not so raised, then it must be pled in a responsive pleading under the heading of "New Matter." However, Pa. R.C.P. 1032 is explicit when it states that, with certain exceptions not relevant here, "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply." In light of this language and in view of the failure of the additional defendant to show us any just cause to the contrary, we clearly would be remiss if we allowed additional defendant's answer and new matter to stand. In view of the foregoing, the following order is entered:

## ORDER

And now, January 4, 1971, the preliminary objections of the additional defendant to defendant's preliminary objections are overruled and dismissed and defendant's preliminary objections to the answer and new matter of the additional defendant to defendant's complaint are sustained, and the said additional defendant's answer and new matter to defendant's complaint is hereby stricken from the record.

An exception is granted to the additional defendant.