## Reinhold v. Weiss

*Jon F. Barth,* for plaintiffs.
*John Nulty,* for defendants.

GUARINO, *J.*, April 30, 1976—This matter is before the court for disposition of preliminary objections in the nature of a motion to strike off answer and new matter which purports to join a plaintiff as an additional defendant.

On July 25, 1975, Mr. & Mrs. Reinhold and Mr. & Mrs. Casella filed a joint action in trespass which was duly served on defendant Drew Weiss, on July 30, 1975. A record appearance was made by defense counsel on September 8, 1975. On January 22, 1976, defendant filed answer, new matter and counterclaim, the thrust of which was to join Dolores Reinhold, one of four plaintiffs, as an additional defendant. Dolores Reinhold filed preliminary objections in nature of a motion to strike, contending that under the procedural rules a party to a suit may not be joined by answer and new matter more than 20 days from service unless time is extended by the court or by agreement of the parties: Pa. R.C.P. 1026.

There is clear authority for striking off a pleading which does not conform either to law or the

rules of civil procedure: Pa. R.C.P. 1017(a)(b)(2).[1] The complexity of the issue raised is highlighted by the apparent agreement between the parties that Pa. R.C.P. 2253 does not apply to the present situation and that Pa. R.C.P. 2252(d) does.

Every pleading subsequent to a complaint shall be filed within 20 days after service of the preceding pleading.[2] A party who fails to file a responsive pleading admits agency, ownership or possession of instrument involved.[3] Answers and new matters are a pleading.[4] Until defendant Weiss had filed the answer and new matter he had made no responsive pleading, and by virtue of the operation of the rule, had admitted "averment relating to identity of the person by whom the act had been committed, the agency or employment of such person or the ownership possession or control of property or instrumentality involved."[5] A responsive pleading such as an answer and new matter must be filed within 20 days from service of the complaint.[6] It is Mrs. Reinhold's contention that the answer

---

1. Rule 1017(a)(b)(2)

"(a) The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto.

"(b) Preliminary objections are available to any party and are limited to

". . .

"(2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter . . ."

2. Pa. R.C.P. 1026.
3. Pa. R.C.P. 1045.
4. Pa. R.C.P. 1017(a).
5. Pa. R.C.P. 1045.
6. Pa. R.C.P. 1026.

and new matter was not filed within the time limitation, making it vulnerable to her preliminary objection in nature of motion to strike.[7]

Both parties agree that (1) the time within which a person or a party may be joined as additional defendant by writ or by complaint is limited to 60 days after service of the original complaint;[8] and, (2) that the 60-day time limit for joining an additional defendant under Pa. R.C.P. 2253[9] does not

---

7. Pa. R.C.P. 1017(b)(2).

"(b) Preliminary objections are available to any party and are limited to . . .

"(2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter . . ."

8. Pa. R.C.P. 2252 (a), (d).

"(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

". . .

"(d) If the person sought to be joined is a party, the joining party shall, without moving for severance or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint."

9. Rule 2253 -

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than 60 days after the service upon the original

apply where the party sought to be joined is already a party; the joinder can then be accomplished by the answer of the defendant: Pa. R.C.P. 2252(d); Pellegrino v. Dorm, 60 D.&C. 2d 333 (1972). If the 60-day limitation does not apply to a joinder of a party as an additional defendant, is there a time limitation for filing such answer and new matter? Defendant says not so; petitioner says yes. We agree with petitioner and strike the offensive pleading.

As originally conceived and promulgated to accomplish the joinder of a party plaintiff as an additional defendant, the original defendant had to file a petition to sever and join. To the end of obviating this cumbersome procedure, in July of 1961, Rule 2252 was amended by the addition of section (d) which covered situations where the party sought to be joined was already a party plaintiff. There is nothing in the text of this rule specifying when an original defendant can join an additional defendant. The limitation is provided by Pa. R.C.P. 1026: "Every pleading subsequent to the complaint shall be filed within 20 days . . ." Since defendant's answer was filed five months after service of complaint it was not filed in accordance with the rules and must be stricken. See Pa. R.C.P. 1017(b)(2).

The rules must be read consistently with one another and given their true meaning. Any other ruling than the present one would contravene the plain literal unequivocal language of the rules.

---

defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

10. See Smith Inc. v. Colbert et al, Feb. term 1972, no. 3311, Adj. of March 3, 1973 (unreported) for an analysis of the mandatory nature of the rule.

The language, "shall be filed" (within 20 days) expresses what is mandatory: Amalgamated Transit Union, Division 85 v. Port Authority of Allegheny Co., 417 Pa. 299, 303-304, 208 A.2d 271 (1965).[10] If the literal application of the rules seems to work an injustice in a particular case the defendant is not without remedy. Pa. R.C.P. 1003 allows a late filing either by stipulation of counsel or upon leave of court. In a proper case, where no prejudice results to an opposing party, a court may extend the time in which a pleading may be filed: Cook v. Stevenson, 22 D.&C. 2d 698 (1960); Fisher v. Hill, 368 Pa. 53, 81 A.2d 860 (1951). Thus, defendant is not precluded from filing a rule to show cause why the time for filing responsive answer and new matter should not be extended so that Dolores Reinhold may be joined as an additional defendant: Zakian v. Liljestrand, 438 Pa. 249, 284 A.2d 638 (1970).

## ORDER

And now, the preliminary objection in the nature of motion to strike is granted, leave is given to defendant to file petition to show cause why time for filing answer should not be extended and leave given to join Dolores Reinhold as additional defendant.